Filed 10/29/14  Modified and Certified for Publication 12/1/14 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Amador)

----

| | |
|---|---|
| THE PEOPLE, | C073949 |
| Plaintiff and Respondent, | (Super. Ct. No. 05CR08104) |
| v. | |
| CLIFFORD PAUL CHANEY, | |
| Defendant and Appellant. | |

Defendant Clifford Paul Chaney has eight strikes:  six robberies with arming enhancements and two first degree burglaries.  These eight strikes arose from two separate incidents in which defendant and two others robbed the same chemical laboratory and imprisoned 20 employees.

Defendant's current offense for which he was sentenced to prison for 25 years to life in 2005 was driving under the influence of alcohol (DUI) with prior convictions for three other DUI's, two of which resulted in injuries.  When he committed the current

1

DUI, he was on two grants of probation. Following his current DUI conviction, defendant explained he "drinks too much" and is "emotionally weak."

In this appeal, defendant challenges the trial court's denial of his petition for resentencing under the Three Strikes Reform Act of 2012 (the Act). Under the Act, "prisoners currently serving sentences of 25 years to life for a third felony conviction which was not a serious or violent felony may seek court review of their indeterminate sentences and, under certain circumstances, obtain resentencing as if they had only one prior serious or violent felony conviction." (*People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279, 1286 (*Kaulick*).) If a defendant such as the one here satisfies certain criteria, "the petitioner shall be resentenced . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (Pen. Code,[1] § 1170.126, subd. (f).)

The court based the denial on its finding that "[t]he [c]ourt cannot in good conscience say that you do not pose an unreasonable risk to the public safety if released. The [c]ourt is not convinced that you would not re-engage in alcohol use and place the public at risk." The court cited defendant's numerous DUI's that caused injuries, stating drinking was the root of his criminality.

On appeal, defendant contends: (1) the court erred by allowing his petition to be heard by a different judge than the one who originally sentenced him; (2) the court erred by not obtaining a supplemental probation report; and (3) the court abused its discretion in denying the petition.

We hold: (1) defendant forfeited his right to have the original sentencing judge hear his petition; (2) no supplemental probation report was required; and (3) the court acted well within its discretion in denying the petition.

---

[1]    All further section references are to the Penal Code.

## DISCUSSION

## I

### *Defendant Forfeited His Right*

### *To Have The Original Sentencing Judge Consider His Petition*

"Penal Code section 1170.126, subdivision (b) specifies that a prisoner petitioning for resentencing must file the petition 'before the trial court that entered the judgment of conviction in his or her case.' The reference to 'the trial court that entered the judgment' is clearly a reference to the trial judge. This is confirmed by a later subdivision, which uses the terms 'judge' and 'court' interchangeably, when identifying the judicial officer who must rule on the petition. (Pen. Code, § 1170.126, subd. (j).) Penal Code section 1170.126, subdivision (j) provides, 'If the court that originally sentenced the defendant is not available to resentence the defendant, the presiding judge shall designate another judge to rule on the defendant's petition.' [¶] It is therefore clear that the initial sentencing judge shall rule on the prisoner's petition." (*Kaulick*, *supra*, 215 Cal.App.4th at pp. 1300-1301.)

Defendant contends the court erred by allowing his petition to be heard by a different judge than the one who originally sentenced him to his three strikes' sentence. Defendant has forfeited this contention by not objecting in the trial court. In a similar context, our court has held that where a defendant does not object to sentencing by a judge other than the one who accepted his plea, the defendant has forfeited his right to later contend he was entitled to have the original judge sentence him. (*People v. Serrato* (1988) 201 Cal.App.3d 761, 764-765 [defendant waives his right to have the same judge who accepted the plea also sentence him when he fails to object to a different judge as the sentencing judge in the trial court]; *In re Sheena K.* (2007) 40 Cal.4th 875, 880, fn. 1 ["correct term is 'forfeiture' rather than 'waiver' "].)

3

## II

*The Trial Court Did Not Need To Obtain A Supplemental Probation Report*

Defendant contends the court erred in failing to obtain a supplemental probation report before denying his petition. He acknowledges that this subject "was not raised by the prosecutor, defense counsel, or the court at any time."

The People contend defendant forfeited any right to such a report, citing *People v. Johnson* (1999) 70 Cal.App.4th 1429. In *Johnson*, the Fourth District Court of Appeal held that a "defendant has waived his right to object to the absence of a supplemental [probation] report by failing to do so in the trial court." (*Johnson*, at p. 1433.)

A later case by this court has held that when a supplemental probation report is *required*, an appellate court cannot infer forfeiture because there must be a written stipulation of waiver of the supplemental report or a stipulation orally in open court. (*People v. Dobbins* (2005) 127 Cal.App.4th 176, 182.) This court relied on section 1203, subdivision (b)(4), which provides as follows: "The preparation of the report or the consideration of the report by the court may be waived only by a written stipulation of the prosecuting and defense attorneys that is filed with the court or an oral stipulation in open court that is made and entered upon the minutes of the court, except that a waiver shall not be allowed unless the court consents thereto."

Here, because the preparation of a supplemental probation report was not required, there did not have to be a written or oral stipulation of waiver. California Rules of Court, rule 4.411(c) provides: "The court shall order a supplemental probation officer's report in preparation for sentencing proceedings that occur a significant period of time after the original report was prepared." The hearing here was not a "sentencing proceeding[]." "There are . . . three . . . determinations at issue under Penal Code section 1170.126, subdivision (f): First, the court must determine whether the prisoner is eligible for resentencing; second, the court must determine whether resentencing would pose an unreasonable risk of danger to public safety; and third, if the prisoner is eligible and

4

resentencing would *not* pose an unreasonable risk of danger, the court must actually resentence the prisoner." (*Kaulick*, *supra*, 215 Cal.App.4th at p. 1299.)

The trial court found that defendant's release would pose an unreasonable risk of danger to public safety, so it never reached the third step of resentencing him.  Thus, the court was not required to obtain a supplemental probation report, and the rule of forfeiture in *Johnson* applies here.  (*People v. Johnson*, *supra*, 70 Cal.App.4th at p. 1433; *In re Sheena K.*, *supra*, 40 Cal.4th at p. 880, fn. 1 ["correct term is 'forfeiture' rather than 'waiver' "].)

III

*The Court Was Well Within Its Discretion To Deny Defendant's Petition*

Defendant contends the court abused its discretion in denying his petition. Included in this contention are defendant's arguments that:  (a) the court shifted the burden of proof to him and did not make the required finding; (b) there was no substantial evidence that resentencing him posed an unreasonable risk of danger to public safety; and (c) the court failed to consider conditions of resentencing to reduce his risk upon release.

A

*The Court Did Not Shift The Burden Of Proof To Defendant;*

*The Court Made The Required Finding*

According to defendant, the court shifted the burden of proof to him and did not make the required finding to deny the petition.  The record shows otherwise on both points.

In the People's opposition to defendant's petition, the People stated that once defendant showed he was eligible for resentencing, "the burden likely shifts to the People to demonstrate that he poses an unreasonable risk of danger to public safety if released." Consistent with this position (and fixing the standard of proof at preponderance of evidence), at the hearing that took place after defendant established he was eligible for resentencing, the court began by asking the People to present evidence and their

5

witnesses. At the conclusion of their evidence and witnesses, the People argued to the court that defendant "poses an unreasonable risk of danger to the public if he's released" and then the "People rest[ed]." Thus, contrary to defendant's contention, the court placed the burden of proof on the People.[2]

As to defendant's second argument that the court did not make the required finding, again, the record shows otherwise. Before the court announced its ruling, the court stated, "[the court] has to decide, based upon your history, whether you pose an unreasonable risk to the public." When making that finding, the court stated, "[t]he [c]ourt cannot in good conscience say that you do not pose an unreasonable risk to the

---

[2] Defendant also argues (with a limited discussion) about the standard of proof. As noted, the court stated the standard was preponderance of evidence that resentencing defendant would pose an unreasonable risk to public safety. Defendant argues the standard was proof beyond a reasonable doubt. Not so.

As explained in *Kaulick*, "[t]his argument presumes that a finding of dangerousness is a factor which justifies enhancing a defendant's sentence beyond a statutorily presumed second strike sentence" and "that, once the trial court concluded that he was *eligible* for resentencing under the Act, he was subject *only* to a second strike sentence, *unless* the prosecution established dangerousness." (*Kaulick*, *supra*, 215 Cal.App.4th at pp. 1301, 1302.)

"The statutory language, however, is not amenable to [the defendant]'s interpretation." (*Kaulick*, *supra*, 215 Cal.App.4th at p. 1302.) "The maximum sentence to which [the defendant] . . . is subject was . . . the indeterminate life term to which he was originally sentenced. . . . As such, a court's discretionary decision to decline to modify the sentence in his favor can be based on any otherwise appropriate factor (i.e., dangerousness), and such factor need not be established by proof beyond a reasonable doubt to a jury." (*Id.* at p. 1303.)

We also agree with *Kaulick* (and the trial court) that "the proper standard of proof is preponderance of the evidence. Evidence Code section 115 provides that, '[e]xcept as otherwise provided by law, the burden of proof requires proof by a preponderance of the evidence.' There is no statute or case authority providing for a greater burden, and [the defendant] has not persuaded us that any greater burden is necessary." (*Kaulick*, *supra*, 215 Cal.App.4th at p. 1305, fn. omitted.)

6

public safety if released. The [c]ourt is not convinced that you would not re-engage in alcohol use and place the public at risk."

This finding was what the Act required. Under the Act, defendant "shall be resentenced . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).) Here, the court found that defendant posed an unreasonable risk to public safety if released because he likely would reengage in alcohol use and place the public at risk, which was exactly the finding the court was required to make. We turn to the evidence supporting that finding next.

B

*The Court Did Not Abuse Its Discretion In Finding That Defendant's Resentencing Posed An Unreasonable Risk Of Danger To Public Safety*

Defendant contends there was no substantial evidence that resentencing him posed an unreasonable risk of danger to public safety. We review a trial court's finding here for abuse of discretion, under which it is not enough for a defendant to show that reasonable people might disagree about the court's sentencing decision but rather, the defendant must show, for example, the court was unaware of its discretion or acted arbitrarily. (See *People v. Carmony* (2004) 33 Cal.4th 367, 376-378 [making these observations in terms of a trial court's exercise of discretion in determining whether to strike a defendant's strike].)

Defendant's argument is based on his belief that the court should not have found that his *prior* alcohol abuse made him a *current* danger to public safety. The problem with defendant's argument is a rational basis existed for the court to believe that defendant's prior alcohol abuse and current state was predictive of his current dangerousness. Although defendant points out that there was no evidence he had used alcohol for the last eight years, there was also no evidence presented that defendant

7

completed any alcohol abuse programs or otherwise rehabilitated himself from his alcoholism. And, as the court noted, alcoholism was the root of his criminality.

When defendant was released from prison following his sentence for the laboratory robberies in April 1995, only four months later, in August 1995, defendant drove his car under the influence of alcohol, colliding head-on with another car, injuring three people in that car. He was sentenced to prison for four years. Within a few years of his release from prison, in October 2002, he again drove his car under the influence of alcohol into the wall of a restaurant causing the partial collapse of a wall, injuries to the restaurant cook, and destruction of property. Two years later, in March 2004, he drove his car under the influence of alcohol yet again. Despite spending time in jail and having his license revoked, in June 2005, only months after being released on his last DUI and while still on probation with a revoked license, defendant committed his current DUI offense, which landed him in prison for 25 years to life. Thus, defendant's pattern is a return to alcoholism when free in society with dangerous consequences. Defendant has not shown the court's exercise of its discretion was an abuse.

C

*The Court Did Not Have To Consider Conditions Of Resentencing,*
*And There Was No Error In The Court's Failure To Do So Here*

Defendant contends the court abused its discretion by failing to consider conditions of resentencing to reduce his risk upon release. There was no abuse. There is no authority that requires the court to consider conditions of resentencing to reduce a defendant's risk upon release under the Act. Moreover, defendant has demonstrated his failure to comply with supervised release, given that he was on two grants of probation when he committed the current DUI offense.

8

DISPOSITION

The judgment (the court's order denying defendant's petition for resentencing) is affirmed.

　　　　　　　　　　　　　　　　　　　　_____ROBIE_____, J.

We concur:

_____BLEASE_____, Acting P. J.

_____MAURO_____, J.

9

CERTIFIED FOR PARTIAL PUBLICATION[*]

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Amador)

----

| | |
|---|---|
| THE PEOPLE, | C073949 |
| Plaintiff and Respondent, | (Super. Ct. No. 05CR08104) |
| v. | ORDER MODIFYING OPINION, CERTIFYING OPINION FOR PARTIAL PUBLICATION, AND DENYING PETITION FOR REHEARING |
| CLIFFORD PAUL CHANEY, | |
| Defendant and Appellant. | |
| | (NO CHANGE IN JUDGMENT) |

THE COURT:

The opinion of this court filed October 29, 2014, in the above entitled case is modified as follows:

1.      On page 2, in the first sentence in the first full paragraph that begins, "In this appeal . . . ," insert the following phrase after "the trial court's": "May 2013."

---

[*]      Pursuant to California Rules of Court, rules 8.1105 and 8.1110, this opinion is certified for publication with the exception of parts II, III and IV of the Discussion.

1

2.  On page 2, at the end of the first full paragraph beginning, "In this appeal . . . ," insert the following sentence after the citation to Penal Code section 1170.126, subdivision (f):

"In exercising its discretion in subdivision (f), the court may consider:  [¶]  (1) The petitioner's criminal conviction history, including the type of crimes committed, the extent of injury to victims, the length of prior prison commitments, and the remoteness of the crimes;  [¶]  (2) The petitioner's disciplinary record and record of rehabilitation while incarcerated; and  [¶]  (3) Any other evidence the court, within its discretion, determines to be relevant in deciding whether a new sentence would result in an unreasonable risk of danger to public safety."  (§ 1170.126, subd. (g).)

3.  On page 2, delete the last two full paragraphs and insert the following paragraphs in their place:

In a petition for rehearing, defendant challenges the trial court's denial of his petition for resentencing under the Act, which he bases on Proposition 47, passed by California voters on November 4, 2014, effective November 5, 2014.  (See Cal. Const., art. II, § 10, subd. (a) ["An initiative statute or referendum approved by a majority of votes thereon takes effect the day after the election unless the measure provides otherwise"].)

The stated "[p]urpose and [i]ntent" of Proposition 47 include, among other things, "[r]equir[ing] misdemeanors instead of felonies for nonserious, nonviolent crimes like petty theft and drug possession, unless the defendant has prior convictions for specified violent or serious crimes";  "[a]uthoriz[ing] consideration of resentencing for anyone who is currently serving a sentence for any of the offenses listed herein that are now misdemeanors"; and "[r]equir[ing] a thorough review of criminal history and risk assessment of any individuals before resentencing to ensure that they do not pose a risk to public safety."   (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 3, subds. (3), (4) & (5),  p. 70.)

Proposition 47 created a new resentencing provision, section 1170.18, under which "[a] person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence" and request resentencing . (§ 1170.18, subd. (a).)

"If the petitioner satisfies the criteria in subdivision (a), the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety. In exercising its discretion, the court may consider all of the following: [¶] (1) The petitioner's criminal conviction history, including the type of crimes committed, the extent of injury to victims, the length of prior prison commitments, and the remoteness of the crimes. [¶] (2) The petitioner's disciplinary record and record of rehabilitation while incarcerated. [¶] (3) Any other evidence the court, within its discretion, determines to be relevant in deciding whether a new sentence would result in an unreasonable risk of danger to public safety." (§ 1170.18, subd. (b).)

Defendant's petition for rehearing concerns the language that follows next in Proposition 47: "*As used throughout this Code, 'unreasonable risk of danger to public safety' means an unreasonable risk that the petitioner will commit a new violent felony within the meaning of clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667.*" (§ 1170.18, subd. (c), italics added.) Section 667, subdivision (e)(2)(C)(iv) lists the following felonies: "(I) A 'sexually violent offense' . . . . [¶] (II) Oral copulation . . . as defined by Section 288a, sodomy . . . as defined by Section 286, or sexual penetration . . . as defined by Section 289. [¶] (III) A lewd or lascivious act . . . in violation of Section 288. [¶] (IV) Any homicide offense, including any attempted homicide offense . . . . [¶] (V) Solicitation to commit murder . . . . [¶] (VI) Assault with a machine gun on a peace officer or firefighter . . . . [¶]

3

(VII) Possession of a weapon of mass destruction . . . . [¶] (VIII) Any serious and/or violent felony offense punishable in California by life imprisonment or death."

We partially publish this decision to address the potentially retroactive application of the definition of "unreasonable risk of danger to public safety" in Proposition 47 to defendant. We hold that the definition of "unreasonable risk to public safety" in Proposition 47 does not apply retroactively to a defendant such as the one here whose petition for resentencing under the Act was decided before the effective date of Proposition 47.

In the unpublished portion of the opinion, we reject the remainder of defendant's contentions on appeal.

4. On page 3, renumber the original roman numeral "I" to "II."

5. On page 3, above the renumbered roman numeral "II" add the following paragraphs:

I

*Proposition 47's Definition of "Unreasonable Risk Of*

*Danger To Public Safety" Does Not Apply Retroactively*

Defendant contends that because his case is a nonfinal judgment pending in this court, he is entitled to a new resentencing hearing under the Act in which the trial court should apply the definition of "unreasonable risk to public safety" contained in Proposition 47.[2]

---

[2] " '[A] judgment is not final so long as the courts may provide a remedy on direct review. That includes the time within which to petition to the United States Supreme Court for writ of certiorari.' [Citation.] 'Cases in which judgment is not yet final include those in which a conviction has been entered and sentence imposed but an appeal is pending when the amendment becomes effective.' " (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 171-172.)

"No part of [the Penal Code] is retroactive, unless expressly so declared." (§ 3.) The California Supreme Court "ha[s] described section 3, and its identical counterparts in other codes (e.g., Civ. Code, § 3; Code Civ. Proc., § 3), as codifying 'the time-honored principle . . . that in the absence of an express retroactivity provision, a statute will not be applied retroactively unless it is very clear from extrinsic sources that the Legislature . . . must have intended a retroactive application.' " (*People v. Brown* (2012) 54 Cal.4th 314, 319 (*Brown*).) "In interpreting a voter initiative, we apply the same principles that govern our construction of a statute." (*People v. Lopez* (2005) 34 Cal.4th 1002, 1006.)

Proposition 47 is silent as to its retroactive application to proceedings under the Act. Similarly, the analysis of Proposition 47 by the legislative analyst, the arguments in favor of Proposition 47, and the arguments against Proposition 47 are silent as to the retroactive application to proceedings under the Act. (Voter Information Guide, Gen. Elec. (Nov. 4, 2014), pp. 34-39.) Thus, there is "no clear and unavoidable implication" of retroactivity that "arises from the relevant extrinsic sources." (*Brown*, *supra*, 54 Cal.4th at p. 320.)

Nevertheless, defendant contends that the principle enunciated in *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*) compels a finding of retroactivity here. As we explain, *Estrada* does not apply.

In *Estrada*, the California Supreme Court stated: "When the Legislature amends a statute so as to lessen the punishment it has obviously expressly determined that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the prohibited act. It is an inevitable inference that the Legislature must have intended that the new statute imposing the new lighter penalty now deemed to be sufficient should apply to every case to which it constitutionally could apply." (*Estrada*, *supra*, 63 Cal.2d at p. 745.) This includes "acts committed before its passage provided the judgment convicting the defendant of the act is not final." (*Ibid*.) Accordingly, a statute lessening punishment is presumed to apply to all cases not yet

5

reduced to final judgment on the statute's effective date, unless there is a "saving clause" providing for prospective application. (*Id*. at pp. 744-745, 747-748.)

*Estrada* does not apply here because applying the definition of "unreasonable risk to public safety" in Proposition 47 to petitions for resentencing under the Act does not reduce punishment for a particular crime. Rather, it arguably[3] changes the lens through which the dangerousness determinations under the Act are made. Using the words of *Brown*, that "does not represent a judgment about the needs of the criminal law with respect to a particular criminal offense, and thus does not support an analogous inference of retroactive intent." (*Brown*, *supra*, 54 Cal.4th at p. 325.) As the California Supreme Court explained in *Brown*, "*Estrada* is . . . properly understood, not as weakening or modifying the default rule of prospective operation codified in section 3, but rather as informing the rule's application in a specific context by articulating the reasonable presumption that a legislative act mitigating the punishment for a particular criminal offense is intended to apply to all nonfinal judgments." (*Brown*, *supra*, 54 Cal.4th at p. 324.)

*Brown* illustrates this point. *Brown* addressed the 2010 amendment to former section 4019 that increased the rate at which eligible prisoners could earn conduct credit for time spent in local custody. (*Brown*, *supra*, 54 Cal.4th at pp. 317-318.) In passing this amendment, the Legislature did not "express[ly] declar[e] that increased conduct

---

**3** We say "arguably" because we do not decide whether the definition of "unreasonable risk to public safety" in Proposition 47 applies prospectively to petitions for resentencing under the Act. (The People in their answer to the petition on rehearing argue that the new definition of "unreasonable risk of danger to public safety" in Proposition 47 does not apply at all to proceedings under the Act because the reference in Proposition 47 to "the petitioner" refers only to petitions under Proposition 47 and not petitions under the Act.) Rather, we decide only whether the definition of "unreasonable risk to public safety" in Proposition 47 applies retrospectively to petitions for resentencing under the Act.

credits [we]re to be awarded retroactively, and [there was] no clear and unavoidable implication to that effect . . . from the relevant extrinsic sources, i.e., the legislative history." (*Id*. at p. 320.) Thus, the California Supreme Court applied the "default rule" in section 3 that " 'No part of [the Penal Code] is retroactive, unless expressly so declared.' " (*Brown*, at pp. 319-320.) In doing so, the California Supreme Court rejected the defendant's argument that *Estrada* "should be understood to apply more broadly to any statute that reduces punishment in any manner, and that to increase credits is to reduce punishment." (*Brown*, at p. 325.) It rejected defendant's argument for two reasons: "First, the argument would expand the *Estrada* rule's scope of operation in precisely the manner we forbade . . . . Second, the argument does not in any event represent a logical extension of *Estrada*'s reasoning. We do not take issue with the proposition that a convicted prisoner who is released a day early is punished a day less. But, as we have explained, the rule and logic of *Estrada* is specifically directed to a statute that represents ' "a legislative mitigation of the *penalty for a particular crime*" ' [citation] because such a law supports the inference that the Legislature would prefer to impose the new, shorter penalty rather than to ' "satisfy a desire for vengeance" ' [citation.]. The same logic does not inform our understanding of a law that rewards good behavior in prison." (*Brown*, at p. 325.)

Expanding the *Estrada* rule's scope of operation here to the definition of "unreasonable risk to public safety" in Proposition 47 in a petition for resentencing under the Act would conflict with "section 3[']s default rule of prospective operation" where there is no evidence in Proposition 47 that this definition was to apply retrospectively to petitions for resentencing under the Act and would be improper given that the definition of "unreasonable risk to public safety" in Proposition 47 does not reduce punishment for a particular crime. For these reasons, we hold that the definition of "unreasonable risk to public safety" in Proposition 47 does not apply retroactively to a defendant such as the

one here whose petition for resentencing under the Act was decided before the effective date of Proposition 47.

      6.      On page 4, renumber the original roman numeral "II" to "III."

      7.      On page 5, renumber the original roman numeral "III" to "IV."

      8.      On page 6, renumber footnote 2 to 4.

The opinion in the above-entitled matter filed on October 29, 2014, was not certified for publication in the Official Reports. For good cause it now appears that the opinion should be published in the Official Reports except for parts II, III and IV of the Discussion, and it is so ordered.

The petition for rehearing is denied. The modification does not affect the judgment.

BY THE COURT:


         BLEASE          , Acting P. J.



         ROBIE          , J.



         MAURO          , J.

EDITORIAL LISTING


APPEAL from a judgment of the Superior Court of Amador County, J.S. Hermanson, Judge. Affirmed.

Michael Satris, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Stephen G. Herndon and Darren K. Indermill, Deputies Attorney General, for Plaintiff and Respondent.