Filed 4/26/23  P. v. Arango CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JONATHAN ARANGO,<br><br>    Defendant and Appellant. | 2d Crim. No. B321197<br>(Super. Ct. No. 21CR06136)<br>(Santa Barbara County)<br><br>ORDER MODIFYING OPINION AND DENYING REHEARING<br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered the opinion filed herein on April 20, 2023, be modified as follows:

1. On page 2, the first sentence of the first paragraph is modified to read as follows:

> Arango contends: (1) the judgment should be reversed because he was restrained during trial, and (2) the matter should be remanded for resentencing because the trial court sentenced him without realizing it had

the discretion to wait for the preparation of a
probation report before doing so.

2.  On page 3, second full paragraph, the following is added
as the last sentence of the paragraph, following the sentence
ending "incredibly visible and obvious.":

No one disputed Arango's arguments.

There is no change in the judgment.
Appellant's petition for rehearing is denied.

---

GILBERT, P. J.          YEGAN, J.          BALTODANO, J.

2

Filed 4/20/23  P. v. Arango CA2/6 (unmodified opinion)

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JONATHAN ARANGO,<br><br>    Defendant and Appellant. | 2d Crim. No. B321197<br>(Super. Ct. No. 21CR06136)<br>(Santa Barbara County) |

Jonathan Arango appeals from the judgment after a jury convicted him of felony possession of methamphetamine in jail (Pen. Code,[1] § 4573.6, subd. (a)) and misdemeanor resisting a peace officer (§ 148, subd. (a)(1)).  In a bifurcated proceeding, the trial court found true an allegation that Arango had suffered a prior strike conviction (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)).  It sentenced him to eight years in state prison on his possession conviction (the upper term of four years, doubled) and a concurrent 180 days on his resisting conviction.

---

[1] Statutory references are to the Penal Code.

Arango contends: (1) the judgment should be reversed because he was restrained during trial, and (2) the matter should be remanded for resentencing because the trial court sentenced him without a probation report. We affirm.

FACTUAL AND PROCEDURAL HISTORY

In September 2021, sheriff's deputies at the Santa Barbara County jail discovered that Arango "possibly had been in possession of narcotics." They took him to an interview room while they searched his cell. No narcotics were found.

Inside the interview room deputies told Arango that he would be strip searched. Arango refused to cooperate and assumed a fighting position. Deputies then took him to a visitation booth to calm down. They confirmed there was no contraband in the booth before leaving Arango there.

A few minutes later Arango agreed to cooperate during the strip search. Deputies searched his person and did not find any contraband. They then searched the visitation booth and found a bindle of methamphetamine the size of a golf ball.

Prior to trial, County Counsel moved the trial court to order Arango to wear leg shackles and a wrist restraint in court. In support of the motion, County Counsel noted that Arango had a "history of unruly, non-conforming, and disruptive behavior" and had accrued multiple disciplinary incidents while in custody: In 2016 he tampered with County property and punched his cellmate in the head while acting as an aggressor in a fight. In 2017 he dressed improperly despite multiple warnings. In 2020 he put graffiti on County property, was part of a jail yard fight, acted disrespectfully toward deputies and failed to comply with their commands, and illicitly possessed both alcohol and prescription drugs. In 2021 he was an aggressor in another fight,

2

one that resulted in the victim suffering a punctured lung after he was stabbed.

To minimize the jury's view of the restraints, County Counsel proposed putting a table skirt on the table where Arango would be seated and wrapping the wrist restraint in black tape. Arango would be moved only outside the presence of the jury.

Arango opposed County Counsel's motion on the ground that all the incidents cited in support of restraining him occurred outside the courtroom. Arango also argued the arrangement of the courtroom made it "particularly difficult to 'shield' the jury from such restraints" because its members would have "a clear and unobstructed view of his feet and legs underneath the table" when they walked in. A single wrist restraint would also be "incredibly visible and obvious."

At the hearing on the County's motion, Arango said that he was willing to wear a leg brace because "that's how he was restrained at his last trial." The trial court ordered him to wear one. It also ordered him to wear a wrist restraint that connected to a waist shackle worn underneath his shirt. Arango could keep his restrained wrist under the table.

Arango later restated his objection to the wrist restraint. He also complained that he could not stand as a sign of respect for the jury due to his restraints. The trial court ordered that nobody would stand for the jury, and asked if Arango wanted the court to explain why. Arango opted against having the court call attention to the issue.

At sentencing, the probation officer said that she had been unable to complete a presentence report due to a COVID-19 outbreak at the jail. She requested two more weeks to do so. Arango said he was unwilling to waive time for sentencing. The

trial court said that it was uncomfortable proceeding without a probation report.  It asked the probation officer and prosecutor whether there was a good cause exception to continue sentencing over Arango's objection.  Neither knew of one.

After arguments over aggravating and mitigating factors, the trial court reiterated its desire to continue sentencing for the probation report.  Arango said that the court should proceed with sentencing.  Counsel agreed: "We've had a pretty significant conversation about this, and he does not wish to waive time."  The court then sentenced Arango to eight years in prison.

## DISCUSSION

### *The wrist restraint*

Arango contends the judgment should be reversed because the trial court ordered him to wear a wrist restraint during trial.[2]  We disagree.

There is no evidence in the record showing that any member of the jury was aware that Arango was wearing a wrist restraint.  Courts "have consistently found any unjustified or unadmonished shackling harmless where there was no evidence it was seen by the jury." (*People v. Tuilaepa* (1992) 4 Cal.4th 569, 583-584; see also *People v. Anderson* (2001) 25 Cal.4th 543, 596 [compiling cases].)  This is because "[t]he potential effect on the presumption of innocence is eliminated if the jury does not see the" restraint.  (*People v. Jackson* (1993) 14 Cal.App.4th 1818, 1829.)

The wrist restraint here was also justified.  A " 'trial court has broad power to maintain courtroom security and orderly proceedings.' " (*People v. Stevens* (2009) 47 Cal.4th 625, 632.)

---

[2] Arango does not challenge the court's order to wear a leg brace.

4

But "extraordinary security practices" like wrist restraints "carry an inordinate risk of infringing [on] a criminal defendant's right to a fair trial" because they "may erode the presumption of innocence." (*Ibid.*) Such "exceptional practices must be justified by a particularized showing of manifest need sufficient to overcome the substantial risk of prejudice they pose." (*Ibid.*)

A "manifest need can be made with ' "evidence that the defendant has threatened jail deputies, possessed weapons in custody, threatened or assaulted other inmates, and/or engaged in violent outbursts in court." ' " (*People v. Young* (2019) 7 Cal.5th 905, 934 (*Young*).) Manifest need can also be established if the " 'defendant poses a safety risk, a flight risk, or is likely to disrupt the proceedings or otherwise engage in nonconforming behavior.' " (*People v. Virgil* (2011) 51 Cal.4th 1210, 1270.) If the trial court determines that such a need exists, the restraints ordered " 'should be as unobtrusive as possible, although as effective as necessary under the circumstances.' " (*People v. Mar* (2002) 28 Cal.4th 1201, 1217.) We review for abuse of discretion. (*Young*, at p. 934.)

The trial court did not abuse its discretion. Arango accrued several disciplinary infractions while in custody in the years prior to trial. He disrespected jailhouse deputies and refused to comply with their commands. He possessed illicit drugs and alcohol in jail. He had recently engaged in several fights, including at least two in which he acted as an aggressor and one in which a victim was stabbed. Ordering him restrained was accordingly proper. (See, e.g., *Young, supra*, 7 Cal.5th at pp. 934-935 [use of restraints appropriate where defendant had " 'numerous problems while in custody' "]; *People v. Amezcua & Flores* (2019) 6 Cal.5th 886, 910 [manifest need for restraints where defendant

5

had multiple "incidents of violent or nonconforming custodial behavior"].)

"The trial court [also] imposed the least[-]intrusive means of restraint to accomplish its goal of maintaining courtroom safety." (*People v. Billie* (2017) 10 Cal.App.5th 434, 438.) Arango had one hand free throughout trial. His wrist restraint was covered in black tape and connected to a waist restraint hidden beneath his clothing. And all parties remained seated throughout trial. Such mitigation measures rendered Arango's wrist restraint as unobtrusive as possible. (*Id.* at pp. 438-439.)

*The lack of a probation report at sentencing*

A trial court must generally sentence a defendant within 20 judicial days of their conviction. (§ 1191.) Where a defendant is ineligible for probation, the court has discretion to refer the case to the probation officer and direct them "to investigate all facts relevant to . . . sentencing." (§ 1203, subd. (g); see also *People v. Johnson* (1999) 70 Cal.App.4th 1429, 1432 (*Johnson*).) "Upon that referral, the . . . officer shall immediately investigate the circumstances surrounding the crime and the prior record and history of the [defendant] and make a written report to the court." (§ 1203, subd. (g).) The court may delay sentencing until the report is received. (§ 1191.)

Arango contends his sentence should be vacated because the trial court did not wait for the probation officer's report before sentencing him, something he alleges it was unaware it was permitted to do pursuant to section 1191. But Arango insisted—multiple times—that the court sentence him without the report.

6

His contention is waived.[3] (*People v. Magee* (1963) 217 Cal.App.2d 443, 476.)

Alternatively, Arango contends counsel was ineffective for failing to override his wishes and request that sentencing be continued until a probation report was produced. This contention requires Arango to show that counsel performed deficiently and that that deficient performance resulted in prejudice. (*People v. Mai* (2013) 57 Cal.4th 986, 1009.) These showings are "particularly difficult" to make on direct appeal. (*Ibid.*) As to the first, we "defer to counsel's reasonable tactical decisions" and indulge "a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.' " (*People v. Lucas* (1995) 12 Cal.4th 415, 436-437.) We will not find deficient performance unless no conceivable reason for counsel's actions appears on the record. (*People v. Cunningham* (2001) 25 Cal.4th 926, 1003.) As to the second, Arango can establish prejudice by showing " 'a probability sufficient to undermine confidence in the outcome.' " (*Ibid.*) He must "prov[e] prejudice as a 'demonstrable reality,' not simply speculation as to the effect of the errors or omissions of counsel." (*People v. Williams* (1988) 44 Cal.3d 883, 937.)

Arango fails to make the requisite showings here. As to deficient performance, at sentencing counsel said that she had discussed the matter with Arango and he insisted that he did not wish to waive time. It is a reasonable tactical decision to honor a client's wishes. (*People v. Lang* (1989) 49 Cal.3d 991, 1031, abrogated on another point by *People v. Diaz* (2015) 60 Cal.4th 1176, 1188-1190.)

---

[3] As set forth more fully below, any error was also harmless.

As to prejudice, at sentencing both Arango and prosecutors set forth arguments on aggravating and mitigating factors. In his briefing on appeal Arango "does not indicate there is any additional [mitigating] information" that would have been included in the probation report "that he was not permitted to bring to the court's attention" at sentencing. (*Johnson, supra*, 70 Cal.App.4th at p. 1432.) Nor does he assert the court was unaware of such information; the judge who presided at sentencing was the same judge who presided at trial. Thus on this record he has failed to prove, as a demonstrable reality, that the trial court would have imposed a lesser sentence had it waited for a probation report. His ineffective-assistance-of-counsel claim fails.

DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>

BALTODANO, J.

We concur:

GILBERT, P. J.

YEGAN, J.

8

Pauline Maxwell, Judge

Superior Court County of Santa Barbara

_____

John Derrick, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Stefanie Yee, Deputy Attorneys General, for Plaintiff and Respondent.