Filed 5/1/26  P. v. Allen CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DARA WAYNE ALLEN,<br><br>Defendant and Appellant. | B338543<br><br>(Los Angeles County Super. Ct. No. BA310449) |

APPEAL from an order of the Superior Court of Los Angeles County, Terry A. Bork, Judge.  Affirmed.

Stanley D. Radtke, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Kenneth C. Byrne, Supervising Deputy Attorney General, Allison H. Chung, Deputy Attorney General, for Plaintiff and Respondent.

A jury found Dara Wayne Allen (defendant) guilty of assault with a firearm on a peace officer and possession of a prisoner-made weapon. The trial court found true four one-year prior prison term enhancements and sentenced him to over 30 years in prison. More recently, defendant petitioned for resentencing pursuant to Penal Code section 1172.75.[1] The trial court struck defendant's prior prison term enhancements that the Legislature deemed invalid in section 1172.75 and declined to otherwise reduce defendant's sentence. Defendant asks us to decide whether the trial court held the full resentencing that section 1172.75 requires and whether, if so, the court erred by not obtaining a post-conviction probation report before doing so.

## I. BACKGROUND

### A. *Defendant's Conviction, Sentencing, and Direct Appeal*[2]

In October 2006, Los Angeles Police Department officers Robert Quiroz and Sean Kinchla approached defendant in their patrol car because he matched the description of a suspect in a

---

[1] The statute, in pertinent part, provides: "(a) Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5 . . . is legally invalid. [¶] . . . [¶] (c) . . . If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant."

Undesignated statutory references that follow are to the Penal Code.

[2] On our own motion, we take judicial notice of the appellate record from defendant's direct appeal. (Evid. Code, §§ 451, subd. (a), 452, subd. (d), 459, subd. (a).)

nearby shooting. When the patrol car pulled alongside defendant and stopped, he looked at the officers and ran. As the police gave chase, defendant turned and pointed a gun at Officer Quiroz. At that point, Officer Kinchla shot and wounded defendant. Ballistic testing later matched defendant's weapon with the firearm used in the earlier nearby shooting.

Two years later, in July 2008, while awaiting retrial on a charge of assaulting a peace officer with a firearm (§ 245, subd. (d)(1)), defendant failed to follow a deputy's commands as the deputy escorted him to the courthouse's holding cell. After being placed in the cell, defendant said to the deputy, "I'll be ready for you guys tomorrow." The following day, as defendant was being searched by deputies prior to being taken to the courtroom, a "shank"—a sharpened piece of hard white plastic with a cloth handle—was discovered in defendant's left sock underneath his ankle brace. Defendant was charged with making criminal threats (§ 422) and possessing a prisoner-made weapon (§ 4502, subd. (a)).

A trial jury found defendant guilty on the assault with a firearm and weapon possession charges. The jury also found true an allegation that defendant used a firearm in the commission of the assault within the meaning of section 12022.53, subdivision (b). The trial court sentenced appellant to 33 years in state prison: 22 years for the assault with a firearm and associated enhancements, two years for the weapon possession conviction, five years for a prior serious or violent felony conviction enhancement, and four years for four one-year prior prison term enhancements (§ 667.5, subd. (b)).

On direct appeal, a different panel of this court ordered one of the prior prison term enhancements stricken but otherwise

3

affirmed the judgment.[3]  (*People v. Allen* (Jul. 26, 2010, B216151) [nonpub. opn.].)

### B.    *Defendant's Petition for Resentencing*

In March 2024, defendant, through counsel, filed a section 1172.75 petition asking the court to strike his three remaining one-year prior prison term enhancements and to hold a full resentencing hearing as required by the statute (which the petition quoted).  Defendant's petition highlighted a number of recent legislative changes since his incarceration and argued the court must take the new laws into account when resentencing him.  Defendant also urged the court to consider several post-conviction factors during resentencing, including his age (55 years old at the time), the time served on his existing sentence (18 years), and his "disciplinary record and record of rehabilitation while incarcerated."  Defendant's petition did not attach copies of his original probation report or his prison file; he also did not ask the court to obtain a supplemental probation report.

The People filed an opposition to defendant's section 1172.75 resentencing petition.  The opposition conceded defendant's prior prison term enhancements should be stricken.  It also noted defendant's request for a full resentencing and conceded (though not without ambiguity) that "[t]he law is clear that under . . . [section] 1172.75 the court shall resentence to a

---

[3]    Although the trial court in 2010 reduced defendant's sentence to 32 years following receipt of the remittitur, a 2011 abstract of judgment still showed defendant's total sentence as 33 years.

4

lower sentence if it applies."  The People argued there was, however, "no sound reason to further evaluate the sentence that has already been imposed" and the court "should use its discretion and not enter a full resentencing of . . . [d]efendant."[4]

The trial court held a hearing on defendant's resentencing petition in June 2024.  At the outset, the court described that hearing as a "re-sentencing hearing pursuant to 1172.7(A) and .75(A)."[5]  After being invited to argue, both sides submitted on their written filings.

In remarks made on the record thereafter, the court explained it had reviewed the court file, the procedural history of the case, and the parties' briefs in their entirety.  It agreed the prior prison term enhancements were invalid and would be stricken.  The court concluded, however, that "beyond that . . . the defendant was convicted and properly sentenced and no further adjustment is warranted by facts or law. . . . Accordingly, the petition is granted only insofar as the four [sic], one-year sentencing enhancements are concerned.  Those are stricken.  The aggregate term is re-set to 29 years and the clerk's office is

---

[4]     At the trial court's request, the People later filed a supplemental opposition with further analysis of the relevant sentencing considerations.  The supplemental opposition again urged the court to not grant any resentencing relief beyond striking the prior prison enhancements because there were several aggravating circumstances and none in mitigation.

[5]     The court's reference to section 1172.7 (in addition to section 1172.75) was unnecessary.  There is no section 1172.7 issue in this case because defendant's sentence included no enhancements imposed pursuant to Health and Safety Code section 11370.2.

ordered to submit an amended abstract of judgment to the [Department of Corrections]."[6]

## II. DISCUSSION

Defendant's opening brief adequately presents two issues for decision.[7] He argues first that "the [trial] court erred when it concluded that appellant was not entitled to a full section 1172.75 resentencing hearing" in light of our Supreme Court's decision in *People v. Rhodius* (2025) 17 Cal.5th 1050, 1054 (section 1172.75 resentencing requirement applies to a defendant who has a prior prison term enhancement that was imposed but stayed). And he argues, second, that the trial court erred by "fail[ing] to obtain an updated supplemental probation or corrections report" before holding the resentencing hearing.

The appellate record belies the first of defendant's contentions: the trial court did hold a full resentencing hearing. The court read the parties' submissions, invited further argument (though there was none), struck the prior prison term enhancements, otherwise imposed the same sentence, calculated custody credits, directed the filing of a new abstract of judgment, and advised defendant of his right to appeal from the newly imposed criminal judgment. That is a full resentencing. While it is not clear why defendant believes otherwise, if it is because he

---

[6] The court also requested and received a custody credit calculation from defense counsel and informed defendant of his "right to appeal to the appellate courts from the judgment of this court in imposing this sentence."

[7] Arguments raised for the first time in a reply brief are, of course, forfeited. (*People v. Ng* (2022) 13 Cal.5th 448, 568, fn. 13.)

believes the court was required to restate the sentence count by count and assessment by assessment, the belief is legally baseless and practically pointless. It was perfectly acceptable (and perhaps even advisable for judicial economy reasons) for the court to proceed in the shorthand manner it did.[8]

The second of defendant's contentions, that the trial court erred by not obtaining a supplemental probation or corrections report, fares no better. The contention is forfeited because defendant did not ask the trial court to obtain a supplemental probation report before resentencing. (*People v. Trujillo* (2015) 60 Cal.4th 850, 856 ["'the forfeiture rule applies in the context of sentencing as in other areas of criminal law'"].) Even if preserved, we still would see no abuse of discretion in declining to obtain supplemental materials beyond what the parties provided in their written submissions in advance of the hearing (which the

---

[8] In a three-paragraph subsection under the heading proclaiming the trial court erred by concluding defendant was not entitled to a full resentencing, defendant faults the trial court for "not mak[ing] any finding that dismissing the enhancements 'would endanger public safety.'" As presented (specifically, as a point subsidiary to defendant's argument that the court failed to conduct a full resentencing), the point does not appear to be a freestanding contention requiring separate discussion. Even charitably assuming the contrary, the argument still fails. A court is not required to make express findings under section 1385 when declining to dismiss an enhancement (§ 1385, subd. (a) ["The reasons *for the dismissal* shall be stated orally on the record"], italics added; *In re Large* (2007) 41 Cal.4th 538, 550; *People v. Bravo* (2025) 107 Cal.App.5th 1144, 1157) and findings can be implied—which would be particularly appropriate here when there was no objection to the absence of an express finding on the record.

7

court stated on the record that it had read in full).  (See generally *People v. Johnson* (1999) 70 Cal.App.4th 1429, 1432 ["a supplemental [probation] report is *required* only if the defendant is eligible for probation"], italics added.)

## DISPOSITION

The judgment is affirmed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


BAKER, J.

We concur:


HOFFSTADT, P. J.


MOOR, J.

8