[No. E022747. Fourth Dist., Div. Two. Mar. 30, 1999.]

THE PEOPLE, Plaintiff and Respondent, v.
MARK E. JOHNSON, Defendant and Appellant.

COUNSEL

Ivy K. Kessel, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren and Bill Lockyer, Attorneys General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Garrett B. Beaumont and Robert M. Foster, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**HOLLENHORST, Acting P. J.**—In bifurcated proceedings, a jury found defendant was guilty of first degree burglary (Pen. Code, § 459)[1] and the trial court found the enhancing allegations of a prior serious felony conviction, a "strike" conviction and a prior prison term were true. (§§ 667, subds. (a), (b)-(i), 667.5, subd. (b).) Defendant waived referral to probation and was sentenced to a fourteen-year term, consisting of the four-year middle term doubled to eight years, five years for the prior serious felony conviction and one year for the prior prison term.

Defendant appealed and in an unpublished opinion filed on March 27, 1997 (E018424), this court affirmed the judgment but remanded the matter to allow the sentencing court an opportunity to exercise its discretion pursuant to *People* v. *Superior Court* (*Romero*) (1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628].

On December 15, 1997, the sentencing court denied defendant's motion to dismiss the strike and reimposed the 14-year prison term. In this appeal,

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

defendant contends the court erred in resentencing him without obtaining a supplemental probation report. The contention lacks merit.

## DISCUSSION

■ Defendant argues California Rules of Court, rule 411(c), requires a trial court to order a new probation report before resentencing a defendant.[2] The People respond that defendant waived any right to a supplemental probation report by not asking for one. We affirm.

In *People* v. *Begnaud* (1991) 235 Cal.App.3d 1548 [1 Cal.Rptr.2d 507], this court held that where a defendant fails to request a supplemental probation report, voices no objection to proceeding with resentencing without a supplemental probation report, and states there is no legal cause why judgment cannot be imposed, the issue of requiring a supplemental probation report is waived. (*Id.*, at pp. 1555-1556.)

Defendant argues that *People* v. *Begnaud, supra,* 235 Cal.App.3d 1548, is no longer applicable because section 1203, subdivision (b)(4),[3] enacted after *Begnaud* was filed, provides that supplemental probation reports cannot be

---

[2]All rule references are to the California Rules of Court. Rule 411 states:

"(a) [Eligible defendant] If the defendant is eligible for probation, the court shall refer the matter to the probation officer for a presentence investigation and report. Waivers of the presentence report should not be accepted except in unusual circumstances.

"(b) [Ineligible defendant] Even if the defendant is not eligible for probation, the court should refer the matter to the probation officer for a presentence investigation and report.

"(c) [Supplemental reports] The court shall order a supplemental probation officer's report in preparation for sentencing proceedings that occur a significant period of time after the original report was prepared.

"(d) [Purpose of presentence investigation report] Probation officers' reports are used by judges in determining the appropriate length of a prison sentence and by the Department of Corrections in deciding upon the type of facility and program in which to place a defendant, and are also used in deciding whether probation is appropriate. Section 1203c requires a probation officer's report on every person sentenced to prison; ordering the report before sentencing in probation-ineligible cases will help ensure a well-prepared report."

Section 1203c refers to a postsentencing report by the probation officer to the Department of Corrections.

[3]Section 1203, subdivision (b) provides, in pertinent part:

"(b)(1) Except as provided in subdivision (j), if a person is convicted of a felony and is eligible for probation, before judgment is pronounced, the court shall immediately refer the matter to a probation officer to investigate and report to the court, at a specified time, upon the circumstances surrounding the crime and the prior history and record of the person, which may be considered either in aggravation or mitigation of the punishment.

"
. . . . . . . . . . . . . . . . . . . . . .

"(b)(4) The preparation of the report or the consideration of the report by the court may be waived only by a written stipulation of the prosecuting and defense attorneys that is filed with the court or an oral stipulation in open court that is made and entered upon the minutes of the court, except that there shall be no waiver unless the court consents thereto. However, if the

waived unless stipulated to by both parties and the stipulation is either filed or orally stated in open court. This stipulation requirement, however, is predicated on section 1203, subdivision (b)(1), which refers to "a person . . . eligible for probation." As defendant was ineligible for probation due to his strike (§ 667, subd. (c)(2)),[4] a probation report was discretionary. Thus, section 1203, subdivision (b)(4), is inapplicable.

Rule 411(c) does not compel a different result. The only reasonable interpretation of rule 411(c), reading it in light of rule 411(a) and rule 411(b), is that a supplemental report is required only if the defendant is eligible for probation. (*People* v. *Llamas* (1998) 67 Cal.App.4th 35, 39 [78 Cal.Rptr.2d 759]; *People* v. *Bullock* (1994) 26 Cal.App.4th 985, 989 [31 Cal.Rptr.2d 850]; *People* v. *Tatlis* (1991) 230 Cal.App.3d 1266, 1273 [282 Cal.Rptr. 55].) Similarly, section 1203, subdivision (g),[5] states that as to a defendant ineligible for probation, "[t]he judge, in his or her discretion, may direct the probation officer to investigate all facts relevant to the sentencing of the person."

Defendant claims the failure to order an updated probation report deprived him of his due process right to a fair resentencing hearing. However, a probation report is advisory only (*People* v. *Warner* (1978) 20 Cal.3d 678, 783 [143 Cal.Rptr. 885, 574 P.2d 1237]) and defendant does not indicate there is any additional information that he was not permitted to bring to the court's attention. Furthermore, the court imposed the doubled middle term—the sentencing norm established by the Legislature. (See *People* v. *Langevin* (1984) 155 Cal.App.3d 520, 524 [202 Cal.Rptr. 234].)

Defendant also argues a supplemental report was necessary to permit the court to determine whether to exercise its discretion to dismiss the strike

defendant is ultimately sentenced and committed to the state prison, a probation report shall be completed pursuant to Section 1203c."

Subdivision (j) provides for a referral to a county financial evaluation officer for an evaluation of the defendant's ability to pay restitution.

[4]Section 667, subdivision (c)(2), provides: "(c) Notwithstanding any other law, if a defendant has been convicted of a felony and it has been pled and proved that the defendant has one or more prior felony convictions as defined in subdivision (d), the court shall adhere to each of the following: [¶] . . . [¶] (2) Probation for the current offense shall not be granted, nor shall execution or imposition of the sentence be suspended for any prior offense."

[5]Section 1203, subdivision (g), provides: "(g) If a person is not eligible for probation, the judge shall refer the matter to the probation officer for an investigation of the facts relevant to determination of the amount of a restitution fine pursuant to subdivision (b) of Section 1202.4 in all cases where the determination is applicable. The judge, in his or her discretion, may direct the probation officer to investigate all facts relevant to the sentencing of the person. Upon that referral, the probation officer shall immediately investigate the circumstances surrounding the crime and the prior record and history of the person and make a written report to the court of his or her findings. The findings shall include a recommendation of the amount of the restitution fine as provided in subdivision (b) of Section 1202.4."

under section 1385. But the record does not affirmatively demonstrate that the court misunderstood the law (see *People* v. *Fuhrman* (1997) 16 Cal.4th 930, 945 [67 Cal.Rptr.2d 1, 941 P.2d 1189]) and a timely objection to the absence of a supplemental report would have permitted the court to explain why none was necessary. (See *People* v. *Welch* (1993) 5 Cal.4th 228, 235 [19 Cal.Rptr.2d 520, 851 P.2d 802].) There are cases where the defendant may not want a supplemental report. Indeed, following his conviction, defendant had requested immediate sentencing, thus waiving a probation report at his original sentencing hearing. He was in prison throughout the period from his original sentencing hearing until his sentencing hearing on remand. The judge, who presided over both of defendant's sentencing hearings, reasonably could have inferred that defendant knowingly waived a supplemental probation report because he knew it would not benefit him. (See *People* v. *Begnaud, supra,* 235 Cal.App.3d 1548, 1556, fn. 7.) "A defendant should not be allowed to stand silent when the court proceeds without a supplemental probation report, gamble that a trial court will impose a lesser term of imprisonment and then urge reversal for the failure to obtain the report without being required to make some showing that he was prejudiced thereby." (*Ibid.*; see also *People* v. *Scott* (1994) 9 Cal.4th 331, 352, fn. 15 [36 Cal.Rptr.2d 627, 885 P.2d 1040].)

In view of the foregoing, we conclude defendant has waived his right to object to the absence of a supplemental report by failing to do so in the trial court.

DISPOSITION

The judgment is affirmed.

McKinster, J., and Richli, J., concurred.