[No. F067223. Fifth Dist. Dec. 22, 2014.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT LUNA FRANCO, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION[*]]**

---

[*]Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, only the Introduction, part II. of the Discussion, and the Disposition are certified for publication.

COUNSEL

Michael Satris, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Stephen G. Herndon and Harry Joseph Colombo, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

DETJEN, J.—

## INTRODUCTION

The Three Strikes Reform Act of 2012 (hereafter the Act) created a postconviction release proceeding for third strike offenders serving indeterminate life sentences for crimes that are not serious or violent felonies. If such

an inmate meets the criteria enumerated in Penal Code section 1170.126, subdivision (e), he or she will be resentenced as a second strike offender unless the court determines such resentencing would pose an unreasonable risk of danger to public safety.[1] (§ 1170.126, subd. (f); *People v. Yearwood* (2013) 213 Cal.App.4th 161, 168 [151 Cal.Rptr.3d 901].)

After the Act went into effect, Robert Luna Franco (defendant), an inmate serving a term of 25 years to life following conviction of a felony that was not violent (as defined by § 667.5, subd. (c)) or serious (as defined by § 1192.7, subd. (c)), filed a petition for recall of sentence and resentencing under the Act. Following a hearing addressing the facts pertaining to risk of danger, the petition was denied.

In the published portion of this opinion, we explain that while a trial court has the authority to obtain a supplemental probation officer's report at the stage of the proceedings at which it must determine whether resentencing a petitioner would pose an unreasonable risk of danger to public safety, it is not required to do so. In the unpublished portion, we reject defendant's claims that denial of his petition constituted an abuse of discretion because the trial court failed to make the requisite finding, relied on facts unsupported and contradicted by the record, and misapprehended the scope of its discretion. We also explain the standard of proof applicable to a trial court's ruling under section 1170.126. Finally, we explain that recently enacted section 1170.18, subdivision (c) does not modify section 1170.126, subdivision (f). We affirm.

## FACTS AND PROCEDURAL HISTORY[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISCUSSION

I.  *The Court Did Not Abuse Its Discretion by Denying the Petition.[*]*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

II.  *The Trial Court Was Not Required to Obtain a Supplemental Probation Report Before Denying the Petition.*

Defendant argues the trial court erred by failing to obtain a supplemental probation report prior to denying his petition. He asserts such a report is

---

[1] Further statutory references are to the Penal Code unless otherwise stated.

[*] See footnote, *ante,* page 831.

necessary because the trial court's decision whether to resentence him to a second strike term under section 1170.126 is the functional equivalent of a decision whether to admit him to probation. Defendant contends he is entitled to reversal of the trial court's denial of his petition and a remand for further proceedings that include the preparation of such a report. We disagree.

Initially, we note defendant did not request a supplemental probation report or object to proceeding without one. Where, as here, a defendant is ineligible for probation, such omissions result in waiver of a supplemental report in the trial court and forfeiture of the right to object to the absence of such a report on appeal. (*People v. Murray* (2012) 203 Cal.App.4th 277, 289, fn. 12 [136 Cal.Rptr.3d 820]; *People v. Johnson* (1999) 70 Cal.App.4th 1429, 1431–1432 [83 Cal.Rptr.2d 423]; *People v. Llamas* (1998) 67 Cal.App.4th 35, 38–39 [78 Cal.Rptr.2d 759]; but see *People v. Dobbins* (2005) 127 Cal.App.4th 176, 178, 181–182 [24 Cal.Rptr.3d 882] [waiver and forfeiture principles not applicable where defendant remained eligible for probation grant on remand].) This is so even where, for instance, the issue before the sentencing court was whether to exercise discretion to dismiss a strike under section 1385 and *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628]. (*People v. Johnson, supra,* 70 Cal.App.4th at pp. 1432–1433; see *People v. Llamas, supra,* 67 Cal.App.4th at p. 41, fn. 8.)

On the merits, however, we do not find a trial court has a duty to obtain a supplemental probation report. Referral of the matter to the probation officer for investigation and report is mandatory when a defendant convicted of a felony is eligible for probation (§ 1203, subd. (b)(1); Cal. Rules of Court, rule 4.411(a)),[20] but discretionary when the defendant is ineligible for probation, except where the amount of a restitution fine must be determined (§ 1203, subd. (g); rule 4.411(b)).[21]

■ Defendant concedes he was ineligible for probation even as a second strike offender. (§§ 667, subd. (c)(2), 1170.12, subd. (a)(2).) Accordingly, neither statute nor rule of court required the trial court to obtain a supplemental report. (E.g., *People v. Murray, supra,* 203 Cal.App.4th at p. 289; *People v. Dobbins, supra,* 127 Cal.App.4th at p. 180; *People v. Llamas, supra,* 67 Cal.App.4th at pp. 39–40; *People v. Bullock* (1994) 26 Cal.App.4th 985, 986–987, 989 [31 Cal.Rptr.2d 850]; *People v. Webb* (1986) 186 Cal.App.3d 401, 409 [230 Cal.Rptr. 755].) Defendant argues, however, that the language

---

[20] Further references to rules are to the California Rules of Court.

[21] Rule 4.411(c) states: "The court must order a supplemental probation officer's report in preparation for sentencing proceedings that occur a significant period of time after the original report was prepared." Read in light of rule 4.411(a) and (b), however, rule 4.411(c) requires a supplemental report only if the defendant is eligible for probation. (*People v. Johnson, supra,* 70 Cal.App.4th at p. 1432.)

in rule 4.414(b)(8), criteria affecting probation—"[t]he likelihood that if not imprisoned the defendant will be a danger to others"—is sufficiently like the factor to be considered by the trial court under section 1170.126, subdivision (f)—whether defendant "would pose an unreasonable risk of danger to public safety"—to support the conclusion a referral for a supplemental probation report is required. We decline to impose a mandatory duty on the trial court where the statutes and rules of court granting authority for probation reports do not so provide.

Defendant makes no attempt to convince us the trial court's conduct in not requesting a supplemental report constituted an abuse of discretion.[22] Rather, he argues the court's failure to obtain such a report prejudiced him, because it is reasonably probable the court would have resentenced defendant had it "reviewed a probation report objectively providing a thorough assessment of [defendant], including overview of his 15 years in prison." (See *People v. Dobbins, supra,* 127 Cal.App.4th at p. 182 [applying standard of *People v. Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243] to erroneous failure to obtain supplemental probation report].) Because defendant fails to establish error, we do not reach his claim of prejudice.

## DISPOSITION

The judgment is affirmed.

Levy, Acting P. J., concurred.

**PEÑA, J.,** Concurring.—*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

I., II.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Appellant's petition for review by the Supreme Court was denied March 25, 2015, S224157.

---

[22] Nothing in the record suggests the trial court incorrectly believed it could not order a supplemental report if it wanted to do so. (See *People v. Bullock, supra,* 26 Cal.App.4th at p. 990.)

*See footnote, *ante,* page 831.