Filed 9/29/15  P. v. Guzman CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CARLOS GUZMAN,<br><br>    Defendant and Appellant. | B260771<br><br>(Los Angeles County<br>Super. Ct. No. BA378549) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael D. Carter, Judge.  Affirmed.

Waldemar D. Halka, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Blythe J. Leszkay and Timothy M. Weiner, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

We reversed defendant and appellant Carlos Guzman's 2012 conviction of first degree murder and remanded for either a retrial or a reduction of his sentence to second degree murder. In 2014, Guzman's sentence was reduced, and he was resentenced, without the benefit of a supplemental probation report. In this appeal, Guzman contends that the trial court's failure to order a supplemental probation report entitles him to another sentencing hearing. We disagree and affirm the judgment.

## BACKGROUND[1]

A jury found Guzman guilty of first degree murder (Pen. Code, § 187, subd. (a))[2] and found true a gang allegation (§ 186.22, subd. (b)(1)(C)). Based on a prior serious felony constituting a strike under the "Three Strikes" law, which Guzman admitted, the trial court, after denying a *Romero* motion,[3] sentenced him to 25 years to life, doubled to 50 years to life, on November 30, 2012. At the sentencing hearing, the trial court had available to it a probation report, prepared May 26, 2011.

Guzman appealed. In our opinion filed on June 19, 2014,[4] we concluded that the jury had been erroneously instructed on aiding and abetting and the natural and probable consequences doctrine. (See generally *People v. Chiu* (2014) 59 Cal.4th 155.) We therefore reversed in part and remanded with the direction that the People could either elect to retry Guzman solely on the premeditation and deliberation element of murder or accept a reduction of his sentence to second degree murder, in which case he was to be resentenced.

On October 30, 2014, the People accepted a reduction of Guzman's conviction to second degree murder. The court resentenced him to 15 years to life, doubled to 30 years

---

[1] Because of the limited issue on appeal, we briefly state the underlying facts.

[2] All undesignated statutory references are to the Penal Code.

[3] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

[4] *People v. Guzman* (Jun. 19, 2014, B245452 [nonpub. opn.]). We take judicial notice of that opinion.

to life. The court stated it would not change its prior ruling on the *Romero* motion: "The court believes that all of the factors that were considered by the court with regard to the *Romero* motion still – and the reasoning still stand and, therefore, the court will not reduce that."

## DISCUSSION

Guzman contends that the trial court's failure to order a supplemental probation report before resentencing him requires a remand for another sentencing hearing. We disagree.

California Rules of Court, rule 4.411(c), provides: "The court must order a supplemental probation officer's report in preparation for sentencing proceedings that occur a significant period of time after the original report was prepared." The subdivision is "based on case law that generally requires a supplemental report if the defendant is to be resentenced a significant time after the original sentencing, as, for example after a remand by an appellate court . . . ." (Advisory Com. com., Deering's Ann. Codes, Rules (2014 ed.) foll. rule 4.411(c), p. 576.) Case law recognizes that a probation report is not necessarily required if the defendant is statutorily ineligible for probation. (*People v. Franco* (2014) 232 Cal.App.4th 831, 834; *People v. Murray* (2012) 203 Cal.App.4th 277, 289, disapproved on another ground by *People v. Gutierrez* (2014) 58 Cal.4th 1354, 1370; *People v. Dobbins* (2005) 127 Cal.App.4th 176, 180; *People v. Johnson* (1999) 70 Cal.App.4th 1429, 1432; *People v. Bullock* (1994) 26 Cal.App.4th 985, 989.) If a defendant is ineligible for probation, referral to the probation department is discretionary, except where the amount of restitution must be determined. (*Franco,* at p. 834; § 1203, subd. (g) [where a defendant is ineligible for probation, trial court has discretion to direct probation officer to investigate facts relevant to sentencing].) Error in failing to obtain a required supplemental probation report is reviewed under the standard in *People v. Watson* (1956) 46 Cal.2d 818. (*Dobbins,* at p. 182.)

Here, defendant was ineligible for probation, because he was convicted of murder and he had a prior felony. (§ 1203, subd. (e)(5); see *People v. Dobbins, supra,*

3

127 Cal.App.4th at p. 180.) Whether to order a supplemental probation report, therefore, was discretionary.

We discern neither an abuse of discretion on the part of the trial court nor any ineffectiveness on the part of trial counsel in failing to request a supplemental report. "To establish ineffective assistance of counsel, a defendant must show that (1) counsel's representation fell below an objective standard of reasonableness under prevailing professional norms, and (2) counsel's deficient performance was prejudicial, i.e., there is a reasonable probability that, but for counsel's failings, the result would have been more favorable to the defendant. [Citation.] 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' [Citation.]" (*People v. Scott* (1997) 15 Cal.4th 1188, 1211-1212; see also *Strickland v. Washington* (1984) 466 U.S. 668, 694; *People v. Homick* (2012) 55 Cal.4th 816, 893, fn. 44.) If the defendant makes an insufficient showing on either component, the claim fails. (*Homick*, at p. 893, fn. 44.) We defer to " ' "counsel's reasonable tactical decisions in examining a claim of ineffective assistance of counsel [citation], and there is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.' " [Citation.]' " (*People v. Hinton* (2006) 37 Cal.4th 839, 876; see also *People v. Carter* (2003) 30 Cal.4th 1166, 1211.)

It is unclear how information in a supplemental probation report would have impacted defendant's sentence. If there was information relevant to sentencing, defense counsel presumably would have raised it, especially since the court made a finding that the factors it considered in previously denying Guzman's *Romero* motion "still stand." Nothing in the record shows that the information before the trial court was incomplete or inaccurate. (See, e.g., *People v. Bullock, supra,* 26 Cal.App.4th at p. 990.) Moreover, the same judge who presided over Guzman's trial also resentenced him after remand, and therefore the sentencing judge was intimately familiar with the case.

Guzman, however, argues that the trial court was required to request a supplemental probation report so that it could properly exercise its discretion on the *Romero* motion. We are unpersuaded. In ruling on a *Romero* motion, the court must

4

consider whether, in light of the nature and circumstances of the defendant's present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies. (*People v. Williams* (1998) 17 Cal.4th 148, 161.) "[A] trial court's refusal or failure to dismiss or strike a prior conviction allegation under section 1385 is subject to review for abuse of discretion." (*People v. Carmony* (2004) 33 Cal.4th 367, 375.)

In reconsidering whether to strike Guzman's strike, the trial court expressly found that "all of the factors that were [previously] considered" "still stand." As stated at the first sentencing hearing in 2012, the court found that defendant was not a minor participant in the events. Rather, he drove the car the perpetrators were in; he turned the car around and drove them to the victim; he provided the murder weapon, a bat, to the perpetrators; he encouraged the perpetrators to hurry as they beat the victim; and he drove the perpetrators from the crime scene. The court also found that Guzman's prior offense of assault on a peace officer was serious, involving defendant's driving toward the officer and then fleeing at a high speed, precipitating the need for a dangerous pursuit. The court also noted that Guzman's criminal history, juvenile and adult, was "increasing in severity at an alarming rate." It is unclear what a supplemental probation report would have added to the court's consideration of these factors.

## DISPOSITION

The judgment is affirmed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

ALDRICH, J.

We concur:

EDMON, P. J.

JONES, J.*

---

\* Judge of the Los Angeles Superior Court, assigned by Chief Justice pursuant to article VI, section 6 of the California Constitution.