Filed 8/18/23  P. v. Slaughter CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>KEITH BRAZEL SLAUGHTER,<br><br>      Defendant and Appellant. | A165719<br><br><br>(Contra Costa County Super. Ct. No. 5-191966-1) |

Keith Brazel Slaughter pled no contest to first degree residential robbery (Pen. Code, §§ 211, 212.5, subd. (a))[1] with a personal use of a firearm enhancement (§ 12022.53, subd. (b)) and was sentenced, pursuant to a negotiated disposition, to a term of 14 years in prison.  This is his second appeal.  In the first appeal (*People v. Slaughter* (Feb. 17, 2022, A162517) [nonpub. opn.]),[2] we remanded to allow Slaughter an opportunity to seek the benefit of ameliorative amendments to section 1170, subdivision (b), which went into effect after his original sentencing but before the judgment was final.

On remand, the trial court modified Slaughter's sentence by imposing the three-year low term for the robbery count, pursuant to the People's agreement.  It also denied Slaughter's

---

[1] Undesignated statutory references are to the Penal Code.

[2] On both parties' request, we take judicial notice of the *People v. Slaughter, supra,* A162517 record.  (See Evid. Code §§ 452, subd. (d), 459, subd. (a).)

oral requests to strike the firearm enhancement and/or to withdraw his plea. In his second appeal, Slaughter argues that the trial court erred, on remand, by failing to obtain and consider a supplemental probation report. We affirm.

## BACKGROUND

The People prosecuted Slaughter in connection with an armed robbery involving seven victims at their home. Slaughter was 18 years old at the time of the offense. As part of his plea agreement, Slaughter agreed to be sentenced to 14 years in state prison in exchange for the dismissal of multiple other charges against him. Consistent with the negotiated disposition, the trial court sentenced Slaughter to a total term of 14 years in prison— comprised of the midterm of four years for robbery and 10 years for the enhancement. (See § 213, subd. (a)(1)(B) [providing for a prison term of three, four, or six years]; § 12022.53, subd. (b).)

After the remittitur issued in *People v. Slaughter, supra,* A162517, the judge (who presided over the original sentencing 14 months earlier) determined that Slaughter's youth contributed to his crime and, pursuant to the People's agreement, imposed the low term of three years for the robbery count (§§ 213, subd. (a)(1)(B), 1170, subd. (b)(6)(B)). The People objected when Slaughter's counsel asked the court to "consider suspending the imposition of sentence on the 10-year [firearm] enhancement" or to permit him to withdraw his plea. Treating the former request as a motion to strike the firearm enhancement (§§ 1385, 12022.53, subd. (h)), the trial court denied Slaughter's request, as well as his alternative request to withdraw the plea.

The court concluded that it lacked authority to consider the request to strike because it was outside the scope of the remittitur and continued: "I've reviewed the record of this case and the crimes that were originally charged and the plea bargain that was reached. [¶] This was a crime for which there were a number of victims of serious and violent felonies, and the

negotiated disposition is, frankly, . . . a sentence that is much lower than could have been reached if the Defendant was convicted by jury of the crimes that he was . . . charged with. [¶] And based on what this Court knows about the allegations, there is absolutely no reason, because of the aggravated nature of the crime of residential robbery with use of a firearm, and the number of people that were put in great danger because of the Defendant's actions, that I would even consider striking the enhancement."

## DISCUSSION

Slaughter's only argument on appeal is that that the trial court erred by failing to order and consider a supplemental probation report. He insists that California Rules of Court, rule 4.411(a)(2) required the trial court to order a supplemental report in this instance because "a *significant period of time* has passed since the original report was prepared." (Italics added.) He admits he did not raise this issue below and contends that failure does not forfeit the argument. He is wrong on both points.

When a defendant is eligible for probation, a supplemental report is mandatory and can only be expressly waived by written or oral stipulation. In such circumstances, the right to a supplemental report cannot be forfeited by mere failure to object. (§ 1203, subds. (b)(1), (4); *People v. Dobbins* (2005) 127 Cal.App.4th 176, 180-182.) However, because Slaughter is statutorily ineligible for probation (§ 12022.53, subd. (g)) and the trial court did not need to determine the amount of any restitution fine, a supplemental probation report was *not* mandatory in this case. (§ 1203, subd. (g); *People v. Franco* (2014) 232 Cal.App.4th 831, 834 & fn. 21 ["[r]ead in light of rule 4.411(a) and (b), . . . rule 4.411(c) requires a supplemental report only if the defendant is eligible for probation"]; *People v. Johnson* (1999) 70 Cal.App.4th 1429, 1431-1432; *People v. Myers* (1999) 69

Cal.App.4th 305, 310-311; *People v. Llamas* (1998) 67
Cal.App.4th 35, 38-40.)

Accordingly, Slaughter's argument was forfeited by his
failure to object or request a supplemental report below.  (See,
e.g., *People v. Franco, supra,* 232 Cal.App.4th at p. 834 & fn. 21.)
In any event, Slaughter fails to demonstrate that the trial court
abused its discretion in failing to order a supplemental probation
report.

We need not address arguments that Slaughter raises only
in his reply brief.  (*People v. Stanley* (1995) 10 Cal.4th 764, 793;
*Julian v. Hartford Underwriters Ins. Co.* (2005) 35 Cal.4th 747,
761, fn. 4.)

## DISPOSITION

The judgment is affirmed.

_____
BURNS, J.

We concur:


_____
JACKSON, P.J.


_____
SIMONS, J.


A165719