Filed 9/21/23  P. v. Tate CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIRST APPELLATE DISTRICT**

**DIVISION TWO**

|  |  |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>MARKEL TATE,<br><br>　　　Defendant and Appellant. | A165785<br><br>(Contra Costa County Super.<br>　Ct. No. 05001427277) |

In 2015, defendant Markel Tate was convicted, pursuant to a plea agreement, of one count of second degree burglary and one count of unlawful sexual intercourse.  As a result, he received a 10-year prison sentence, which included one year for a prior prison term and four years for a firearm use enhancement.

In April 2022, defendant filed a petition for recall and resentencing, requesting the trial court strike the one-year term for the prison prior pursuant to former Penal Code section 1171.1 (since renumbered § 1172.5, Stats. 2022, ch. 58, § 12, eff. June 30, 2022).  Defendant also asked the trial court to exercise its discretion granted by Senate Bill No. 620 (2017-2018 Reg. Sess.) and Senate Bill No. 81 (2021-2022 Reg. Sess.) to strike or dismiss the firearm enhancement.

1

In July 2022, the trial court struck the one-year enhancement for the prior prison term and declined to strike the firearm enhancement.

Defendant appeals from the trial court's denial of his request to strike or dismiss the firearm enhancement.[1]  We affirm.

## DISCUSSION

Defendant's sole claim on appeal is that the trial court abused its discretion in failing to order a supplemental probation report before resentencing defendant.  But defendant did not request a supplemental probation report, nor did he object to the trial court proceeding without considering such a report.  To the contrary, defendant acknowledges that defense counsel objected to the prosecutor's request for a continuance to obtain defendant's prison file, and that he cannot show prejudice from any such abuse of discretion because he objected to the very records as hearsay that he now claims might have shown changes in his behavior and attitude in recent years of his imprisonment.  Defendant further concedes that he was statutorily ineligible for probation at resentencing.  Under these circumstances, defendant has forfeited his only appellate claim.  (*People v. Franco* (2014) 232 Cal.App.4th 831, 834 [where a defendant is ineligible for probation, failure to request a supplemental probation report results "in waiver of a supplemental report in the trial court and forfeiture of the right to object to the absence of such a report on appeal"].)  Moreover, "neither statute nor rule of court required the trial court to obtain a supplemental report" in this case.  (*Ibid*.)  Accordingly, we reject defendant's claim that the trial court abused its discretion in failing to order a supplemental probation report.

---

[1] In his reply brief, defendant's counsel informs us that defendant was released from prison on parole on or about May 1, 2023.

## DISPOSITION

The judgment is affirmed.

_____
Miller, J.

WE CONCUR:


_____
Stewart, P.J.


_____
Markman, J.*


A165785, *People v. Tate*


---

*\* Judge of the Alameda Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.*