Filed 9/10/24  P. v. Cadenaz-Lopez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C099193 |
| Plaintiff and Respondent, | (Super. Ct. No. CR201717952) |
| v. | |
| JOSHUA CADENAZ-LOPEZ, | |
| Defendant and Appellant. | |

The trial court initially sentenced defendant Joshua Cadenaz-Lopez to state prison for 56 years four months based on a series of convictions, including for robbery and participation in a street gang, and gang and firearm enhancements.  On appeal, this court reversed the participation convictions, vacated the gang-related enhancements, and remanded the case for retrial and resentencing.  At resentencing, the trial court imposed a 37-year sentence, a substantial portion of which was for the firearm enhancements.

On appeal, Cadenaz-Lopez challenges his sentence on three grounds. He asserts that the trial court erred in not ordering a complete, updated probation report addressing his social and custodial history. He also contends that the court abused its discretion when it failed to strike the firearm enhancements under Penal Code section 1385, subdivision (c) or to strike or reduce those enhancements under section 12022.53, subdivision (h).[1] We conclude that Cadenaz-Lopez's claims on appeal are forfeited because he failed to object on these grounds at resentencing. Anticipating possible forfeiture, Cadenaz-Lopez also maintains that his counsel was constitutionally ineffective. The record on this direct appeal, however, does not demonstrate that counsel performed deficiently in not requesting a more detailed probation report. Nor does the present record allow us to conclude that any error by counsel in failing to challenge the firearm enhancements resulted in prejudice. We therefore affirm.

BACKGROUND

In 2016, Cadenaz-Lopez, codefendant Ricky Gomez Hernandez, and an accomplice minor committed a series of armed robberies. (*People v. Hernandez et al.* (Sept. 30, 2022, C088237) [nonpub. opn.].) The jury found Cadenaz-Lopez guilty of five counts of participation in a criminal street gang (§ 186.22, subds. (a), (b)(1)), five counts of second-degree robbery (§§ 211, 212.5, subd. (c)), three counts of attempted robbery (§§ 21a, 211, 212.5, subd. (c), 213, subd. (b)), two counts of carrying a concealed and loaded/stolen firearm in a vehicle (§ 25400, subds. (a)(1), (c)(2) & (6)), one count of attempted assault with a firearm (§§ 21a, 245, subd. (a)(2)), one count of conspiracy to commit robbery (§ 182, subd. (a)(1)), and one count of possession of marijuana for sale (Health & Saf. Code, § 11359). The jury also found true several gang enhancements (§ 186.22, subd. (b)(1)) and firearm enhancements (§§ 12022.53, subds. (b), (e)(1), 12022, subd. (a)(1)).

---

[1] Undesignated statutory references are to the Penal Code.

On appeal, this court reversed the gang participation convictions, vacated the gang-related enhancements, and remanded the case for retrial on all but one of those offenses and enhancements. (*People v. Hernandez et al.*, *supra*, C088237.) With respect to sentencing, the court said that "the trial court shall resentence defendants under all newly-enacted provisions in effect at the time of their resentencing and address any sentencing contentions defendants raise at that time." (*Ibid*.)

On remand, the prosecution declined to retry the vacated offenses and enhancements. The trial court set the matter for resentencing. Defense counsel stated that Cadenaz-Lopez had "more issues that need to be addressed besides just the ones in the Court of Appeal[]," but noted that she would need to review the prior sentencing before she would be prepared. The parties discussed whether a new presentencing report would be required. The prosecution suggested that a new report would be "beneficial to the parties" because of the dismissal of the gang enhancements and to provide a recalculation of the actual custody credits. Defense counsel stated that she did not want Cadenaz-Lopez interviewed for the updated presentencing report. The prosecutor noted that only minor updates would be needed, including the recommended sentence without the gang offenses and a recalculation of the actual custody credits. The prosecution also observed that the laws regarding the court's discretion to strike firearm enhancements had changed, so some time to file additional briefing would likely be needed. The trial court set a resentencing hearing and briefing schedule and ordered a new presentencing report.

The parties did not file any briefing for the resentencing hearing, which took place on June 13, 2023. At the hearing, the trial court sentenced Cadenaz-Lopez's codefendant first. The court selected the lower term on the principal robbery count and imposed an aggregate term of 10 years four months.

As to Cadenaz-Lopez, defense counsel recognized that probation had recommended a sentence that was far higher than the sentence imposed on his codefendant, noting that her client "was charged with personal use of firearms, and that is

3

the reason why there's such a huge disparity in sentencing" them. She argued that, because of his youth, Cadenaz-Lopez should receive the lower term on the principal robbery count, which would reduce the sentence on that count to two years. He was also under the influence of drugs and alcohol at the time of the offenses.

The trial court imposed the lower-term sentence on the principal robbery count as requested, saying that "as a matter of equity, [I] will reduce the principal term to the lower-base term of 2 years, rather than the middle-base term of 3 years in light of the sentence I just imposed on Mr. Hernandez. This doesn't diminish from the fact that these were serious crimes. The victims were seriously impacted, and a terrible crime spree that obviously affected the victims and obviously affects the two [d]efendants sitting in front of me. But I will reduce that to the lower-base term; call it fairness, if you will." The trial court proceeded to sentence Cadenaz-Lopez to 37 years in prison, which included 26 years eight months for firearm enhancements under section 12022.53, subdivision (b).

DISCUSSION

I.

Cadenaz-Lopez first argues that the trial court erred in not ordering a complete, updated probation report before resentencing. The People respond that the trial court did, in fact, order an updated probation report, and defense counsel did not raise any objection when it was ordered. We agree with the People.

Where, like here, a defendant is not eligible for probation, section 1203, subdivision (g) requires a trial court to order a probation report for an investigation of the "facts relevant to determination of the amount of a restitution fine." A trial court may also direct the probation department to conduct an investigation into "all facts relevant to the sentencing of the person." (§ 1203, subd. (g).) A supplemental report is required "if a significant period of time has passed since the original report was prepared." (Cal. Rules of Court, rule 4.411(a)(2).) Where a defendant is ineligible for probation, a failure to request a supplemental report "result[s] in waiver of a supplemental report in the trial

4

court and forfeiture of the right to object to the absence of such a report on appeal." (*People v. Franco* (2014) 232 Cal.App.4th 831, 834.)

When calendaring the new sentencing hearing, the prosecution requested a supplemental probation report. In particular, the prosecutor requested a "reexamination of the sentencing in light of the gang enhancements as to both defendants" and recalculation of the actual days served in custody. Defense counsel did not object to the limited scope of the new report and stated that her client did not need to be interviewed for it. While Cadenaz-Lopez now argues that the supplemental report did not include information about his social history, behavior while incarcerated, or efforts at rehabilitation, defense counsel did not ask for any such information to be developed, even when the topic of a new presentencing report was discussed at some length. His argument is therefore forfeited on appeal. (*People v. Johnson* (1999) 70 Cal.App.4th 1429, 1431.)

## II.

Cadenaz-Lopez additionally contends that the trial court erred in not considering whether to strike the firearm enhancements under section 1385, subdivision (c). He also argues that the court should have considered striking the enhancements under section 12022.53, subdivision (h) or reducing the enhancements to lesser-included enhancements under section 12022.5. Because defense counsel failed to object on these grounds, these arguments too are forfeited on appeal.

## A.

Section 1385, subdivision (a) authorizes a trial court to dismiss an action "in furtherance of justice." Section 1385, subdivision (b)(1) states: "If the court has the authority pursuant to subdivision (a) to strike or dismiss an enhancement, the court may instead strike the additional punishment for that enhancement in the furtherance of justice in compliance with subdivision (a)."

5

Effective January 1, 2022, Senate Bill No. 81 (2021-2022 Reg. Sess.) added subdivision (c) to section 1385. (Stats. 2021, ch. 721, § 1.) The subdivision states: "Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute." (§ 1385, subd. (c)(1).) It further says that in exercising this discretion, "the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances" listed in the statute are present. (§ 1385, subd. (c)(2).) "Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." (*Ibid.*) " 'Endanger public safety' " means a likelihood that striking the enhancement "would result in physical injury or other serious danger to others." (*Ibid.*) The mitigating circumstances listed in section 1385, subdivision (c)(2) include "[m]ultiple enhancements are alleged in a single case" and "the application of an enhancement could result in a sentence of over 20 years." (§ 1385, subds. (c)(2)(B) & (C).)

" 'A party in a criminal case may not, on appeal, raise "claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices" if the party did not object to the sentence at trial. [Citation.] The rule applies to "cases in which the stated reasons allegedly do not apply to the particular case, and cases in which the court purportedly erred because it double-counted a particular sentencing factor, misweighed the various factors, or failed to state any reasons or give a sufficient number of valid reasons . . . ." ' " (*People v. Scott* (2015) 61 Cal.4th 363, 406.) "Although the court is required to impose sentence in a lawful manner, counsel is charged with understanding, advocating, and clarifying permissible sentencing choices at the hearing. Routine defects in the court's statement of reasons are easily prevented and corrected if called to the court's attention." (*People v. Scott* (1994) 9 Cal.4th 331, 353.)

Our instructions on remand directed the trial court to "resentence defendants under all newly-enacted provisions in effect at the time of their resentencing and address any sentencing contentions defendants raise at that time." (*People v. Hernandez et al.*, *supra*, C088237.) In discussions about the amount of time necessary to submit briefing for the resentencing hearing, the prosecution noted that "at the time of this sentencing hearing, the laws had changed where the [c]ourt had discretion to strike gun enhancements. So there was some extensive briefing already done." She also "recognize[d] there have been even further changes. So, certainly, the opportunity for counsel to review that and file an additional briefing is likely necessary." For her part, defense counsel noted a substantial disparity between the two defendants' sentences, attributing the difference to the firearm enhancements found true with respect to Cadenaz-Lopez. Notwithstanding this backdrop, defense counsel did not ask the trial court to strike the firearm enhancements under section 1385, subdivision (c), which had been in effect for more than one year at the time of the resentencing hearing. This failure to raise the issue forfeits the claim on appeal.

B.

Cadenaz-Lopez likewise forfeited his contention that the trial court should have considered striking or reducing the firearm enhancements under section 12022.53, subdivision (h). That provision states that a trial court may, "in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section." It was enacted in 2018, long before the resentencing hearing in this case. (Stats. 2017, ch. 682, § 2.) Defense counsel did not, however, seek to strike the enhancements under this provision.

Nor did Cadenaz-Lopez ask the trial court to strike the section 12022.53 enhancements and replace them with lesser-included enhancements under section 12022.5. At the time of the resentencing hearing, our state Supreme Court had concluded in *People v. Tirado* (2022) 12 Cal.5th 688 that a trial court could strike a

7

firearm enhancement under section 12022.53 and impose a lesser enhancement under that same section, where the facts supporting the lesser enhancement were alleged and found true by the jury. (*Id.* at p. 692.) There was, however, a conflict in authority as to whether a trial court could, after striking a section 12022.53 enhancement, impose a lesser-included, uncharged enhancement under other sections, such as section 12022.5. (*People v. McDavid* (2024) 15 Cal.5th 1015, 1022-1023.) One line of cases, including *People v. Fuller* (2022) 83 Cal.App.5th 394, 397 and *People v. Johnson* (2022) 83 Cal.App.5th 1074, 1080, concluded that such a reduction of a section 12022.53 enhancement to a section 12022.5 enhancement is permissible. The court in *People v. Lewis* (2022) 86 Cal.App.5th 34 took the opposite view. The California Supreme Court resolved the dispute in *People v. McDavid*, which was issued the same day Cadenaz-Lopez filed his reply brief in this court. In *McDavid*, the court concluded that "after striking a section 12022.53 enhancement," a trial court may "impose a lesser included, uncharged enhancement authorized elsewhere in the Penal Code—that is, outside of section 12022.53." (*McDavid*, at p. 1021.)

While *McDavid* post-dated his resentencing, Cadenaz-Lopez concedes on appeal that *Fuller* and *Johnson*—both of which were decided well before the resentencing hearing—provided a sufficient basis for him to ask the trial court to strike the firearm enhancements and impose lesser ones under section 12022.5. Yet Cadenaz-Lopez did not ask the trial court to do so. The issue is therefore forfeited on appeal. (*People v. Scott*, *supra*, 9 Cal.4th 331, 351-353.)

### III.

Anticipating forfeiture, Cadenaz-Lopez argues that he received ineffective assistance of counsel based on his counsel's failure to request a complete, updated probation report or to argue for the striking or reduction of the firearm enhancements.

To prevail on a constitutional claim of ineffective assistance of counsel, a defendant " 'must satisfy a two-pronged showing: that counsel's performance was

8

deficient, and that the defendant was prejudiced, that is, there is a reasonable probability the outcome would have been different were it not for the deficient performance.' " (*People v. Woodruff* (2018) 5 Cal.5th 697, 736; see generally *Strickland v. Washington* (1984) 466 U.S. 668, 687.) " '[T]he standard for judging counsel's representation is a most deferential one.' [Citation.] We 'must indulge a "strong presumption" that counsel's conduct falls within the wide range of reasonable professional assistance because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight.' [Citation.] 'Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge.' " (*In re Long* (2020) 10 Cal.5th 764, 773.) On direct appeal, a conviction will be reversed for ineffective assistance "only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation." (*People v. Mai* (2013) 57 Cal.4th 986, 1009.)

To establish prejudice, a defendant must show " 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " (*In re Long*, *supra*, 10 Cal.5th at p. 773.) "A 'reasonable probability' is one that is enough to undermine confidence in the outcome." (*People v. Dennis* (1998) 17 Cal.4th 468, 541.) "The likelihood of a different result must be substantial, not just conceivable." (*Harrington v. Richter* (2011) 562 U.S. 86, 112.) "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." (*Strickland v. Washington*, *supra*, 466 U.S. at p. 697.)

As to trial counsel's failure to seek a complete supplemental probation report, Cadenaz-Lopez has not demonstrated that defense counsel's performance was deficient because there are possible satisfactory explanations for counsel's actions. The record does not foreclose the possibility that counsel decided not to request a more detailed report because she concluded it would not be favorable. The original probation report, for instance, indicated that Cadenaz-Lopez received multiple rules violations while in pretrial detention, including two violent assaults of other inmates. We thus cannot conclude that counsel's failure to request an updated probation report reflects deficient performance.

With respect to defense counsel's failure to ask the trial court to strike the firearm enhancements under section 1385, subdivision (c) or section 12022.53, subdivision (h) or to impose lesser enhancements under section 12022.5, we conclude that, on the record before us, Cadenaz-Lopez has not established prejudice. Assuming defense counsel's performance was deficient, Cadenaz-Lopez has not demonstrated a reasonable probability that he would have received a more favorable result had counsel asked the court to strike or reduce the enhancements. Emphasizing that the trial court expressed concern about equity and fairness between the two defendants, Cadenaz-Lopez argues that it is reasonably probable the court would have struck or reduced the enhancements to bring his sentence closer in line with that of his codefendant. But the trial court's reference to equity and fairness related only to the principal term for each defendant's sentence and whether it should be the low or middle term. The court did not mention the firearm enhancements, which distinguished Cadenaz-Lopez's sentence from codefendant's, as defense counsel acknowledged. The court's reference to equity and fairness thus does not demonstrate a reasonable probability that it would have struck or reduced the enhancements if counsel had so requested.

DISPOSITION

The judgment is affirmed.

                                                 /s/
                                              FEINBERG, J.

We concur:

 /s/
EARL, P. J.

 /s/
HULL, J.