Filed 10/11/24  P. v. Valles CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E080982 |
| v. | (Super.Ct.No. RIF1603061) |
| RICHARD VALLES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Reversed and remanded.

Mi Kim, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Heather B. Arambarri and Steve Oetting, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Richard Valles appeals an order of the Riverside County Superior Court imposing a Penal Code section 12022.53, subdivision (d), gun discharge enhancement.[1]

## BACKGROUND[2]

Defendant, his girlfriend, and defendant's former codefendant, Jesus Renteria, lived together in a tight-knit homeless encampment alongside the Santa Ana River in Riverside. In June 2016, defendant got into a fight with Michael Carmona after Carmona pushed and hit defendant's girlfriend. Defendant abandoned the fight and left the scene when he felt he was going to have a seizure. While he was gone, Renteria stabbed Carmona multiple times. After the stabbing, Carmona made gargling and gasping sounds, and appeared to be dying. When defendant returned to the camp he was carrying a rifle. He walked up to Carmona, whose face was covered by a carpet, and shot him in the head.

Law enforcement officers found Carmona's body in a shallow grave not far from defendant's tent. The cause of death was attributed to homicidal violence. The pathologist noted Carmona suffered multiple stab wounds, two of which could have killed him within a matter of minutes. Carmona had also suffered a gunshot wound to the head that fractured his skull from the inside, and the bullet was found inside his brain.

---

[1] All further statutory references are to the Penal Code. References to rules are to the California Rules of Court.

[2] Some facts recited in this section are taken from this court's opinion issued in defendant's appeal from the judgment. (*People v. Valles* (July 8, 2022, E071361) [nonpub. opn.] (*Valles I.*).) We take judicial notice of that opinion on our own motion.

That wound would have caused death immediately. Because of the decomposition of the body, the pathologist could not say for certain that Carmona was alive when the bullet entered his brain.

A jury convicted defendant of first degree murder (§ 187, subd. (a)) and found true an allegation that he had personally and intentionally discharged a firearm in the commission of the murder causing Carmona's death (§ 12022.53, subd. (d) (section 12022.53(d)). In August 2018, the trial court sentenced defendant to a total prison term of 50 years to life, consisting of 25 years to life for the murder and 25 years to life for the enhancement.

In the course of the sentencing hearing, the court denied defendant's request to strike the firearm enhancement pursuant to subdivision (h) of section 12022.53 (section 12022.53(h)). It found striking the enhancement would not serve the interests of justice, noting that defendant's actions in shooting an unarmed, incapacitated man in the head placed him "square within the spirit" of the enhancement statute.

In his appeal from the judgment, defendant argued reversal and remand were called for because the trial court did not understand the extent of its discretion afforded by section 12022.53(h) to impose a lesser enhancement pursuant to either subdivision (b) or (c) of that section.[3] We affirmed the judgment in a partially published opinion (formerly at *People v. Valles* (2020) 49 Cal.App.5th 156).

---

[3] Section 12022.53 authorizes enhanced sentences when a defendant uses a firearm in the commission of certain felonies specified in the statute, and provides for different levels of punishment depending on how the firearm was used (i.e., a 10-year

3

Our Supreme Court granted defendant's petition for review and held the case while it considered the scope of trial court discretion afforded by section 12022.53(h), an issue then pending before it in *People v. Tirado* (2022) 12 Cal.5th 688 (*Tirado*). The Supreme Court ultimately decided the statutory framework of the firearm enhancement provision permits a trial court to strike a section 12022.53(d) enhancement and to impose a lesser uncharged statutory enhancement instead. (*Tirado*, *supra*, at p. 692.)

After it issued the *Tirado* opinion, the Supreme Court transferred defendant's case back to this court with directions to vacate our decision and reconsider the cause in light of *Tirado*. In our new opinion, we reversed defendant's sentence and remanded the case to the trial court for a rehearing on the firearm enhancement, advising the lower court that it could exercise its discretion either to strike the enhancement, to impose a lesser included enhancement, or to reimpose the enhancement as found by the jury. (*Valles I*, *supra*, E071361.)

At the hearing following the remittitur, the trial court again imposed a sentence of 25 years to life for the enhancement, to run consecutive to the term imposed for the murder, that is, it ordered the same sentence given to defendant at the time of his conviction. Defendant timely noticed this appeal.

---

enhancement for personal use of a firearm, a 20-year enhancement if the defendant personally and intentionally discharges a firearm, and a 25-year enhancement if the defendant's personal and intentional discharge of a firearm proximately caused great bodily injury or death of a person other than an accomplice). (§ 12022.53, subds. (a)-(d).) Section 12022.53(h) authorizes the trial court to exercise its discretion to strike or dismiss a section 12022.53 enhancement otherwise required to be imposed by that section.

**DISCUSSION**

On appeal, defendant argues, and the People agree, that reversal of the order resentencing defendant is called for because the trial court failed to consider evidence of mitigation as required by section 1385. Defendant also posits that, if this court decides the sentencing issue has been forfeited, it is because his attorney failed to provide effective assistance. We conclude counsel's representation of defendant was deficient and reverse.

1. *The Court Properly Exercised Its Discretion Under Section 1385*

Section 12022.53(h) provides a trial court "may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section." If a trial court strikes an enhancement pursuant to section 12022.53, it may impose an uncharged lesser included enhancement instead of dismissing the enhancement altogether. (*Tirado*, *supra*, 12 Cal.5th at p. 692.)

Subdivision (c)(1) of section 1385 authorizes the trial court to dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal is prohibited by any initiative statute. Subdivision (c)(2) of section 1385 provides that, if a defendant offers evidence of any of the mitigating circumstance specified in the subdivision, then the court is required to consider and give great weight to that evidence.

At sentencing, a defendant is entitled to a trial court's exercise of informed discretion. (*Tirado*, *supra*, 12 Cal.5th at p. 694.) A court abuses its discretion if it acts without being aware of the scope of its discretion. (*Ibid.*) Unless there is evidence to the

contrary, however, we presume the trial court knew and applied governing law. (*People v. Thomas* (2011) 52 Cal.4th 336, 361.)

We review a trial court's decision not to dismiss or strike a prior conviction allegation under the deferential abuse of discretion standard. (*People v. Carmony* (2004) 33 Cal.4th 367, 374; *People v. Mendoza* (2023) 88 Cal.App.5th 287, 298.) Where, as here, a trial court has exercised a discretionary power conferred by statute, its decision will not be disturbed on appeal except upon a showing that it exercised that discretion in an arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice. (*People v. Jefferson* (2016) 1 Cal.App.5th 235, 242-243 (*Jefferson*).)

In this case, the court did not abuse its discretion when it again sentenced defendant to a 25-year-to-life sentence for the firearm enhancement. The court recalled the murder of Carmona, noting defendant had left the scene of the fight, but then returned a bit later and "placed a gun to the head of a vulnerable and completely defenseless victim who had been stabbed and executed him."

The court made clear it was "aware" of the discretion conferred upon it by 12022.53(h) and concluded, "[t]his is not the case that deserves that." It found the killing was "clearly within the spirit of what the legislature was after when they enacted [section] 12022.53, specifically [section] 12022.53(d)." The court also stated it was "mindful" of the discretion conferred by *Tirado*, *supra*, 12 Cal.5th 688, and it expressly found no mitigating circumstances in this case. We find nothing arbitrary or unreasonable in the court's decision.

6

Defendant argues the court must have either been unaware of or misunderstood the provision of subdivision (c)(2) of section 1385 (section 1385(c)(2)) because it did not mention that provision, it "failed to consider, much less 'afford great weight,' to the evidence presented by [defendant] and contained in the original probation report," and, it did not make a finding that dismissal of the gun charge would "'endanger public safety.'" The People agree remand is called for, noting the court did not mention whether the current offense was connected with a mental illness, it did not order a supplemental probation report, it did not say if it had read the probation report from the original sentencing, and its remarks focused on the offense, not the offender. We are not persuaded.

There is no reason to conclude the court was not aware of, or that it misunderstood, section 1385. We presume a trial court understood the scope of its discretion unless the record establishes misunderstanding on its face. (*People v. Czirban* (2021) 67 Cal.App.5th 1073, 1097.) In this case, there is ample support for the conclusion that the court knew and applied the applicable law. At the time of its ruling, the court said it was aware of the discretion afforded by section 12022.53(h) (which incorporates section 1385) and by our Supreme Court in *Tirado* (which discusses the application of section 1385 in the context of sentencing for firearm enhancements, *Tirado*, *supra*, 12 Cal.5th at pp. 695-696).

Contrary to the parties' claims, section 1385(c)(2) does not require the trial court to consider sua sponte and give great weight to the probation report prepared in connection with defendant's original sentencing. Nor was the court obliged to order

7

preparation of a supplemental probation report pursuant to rule 4.411(a)(2) because a significant period of time had elapsed since the report prepared for defendant's original sentencing. A probation report is not required if, as here, a defendant is statutorily ineligible for probation because he personally used a firearm in the commission of a murder.**4** (§ 1203.06, subd. (a)(1)(A); Rule 4.411(a).)

Defendant posits that the court was required to make a finding that dismissing the firearm enhancement would endanger public safety. Not so. That finding is made only after a defendant has proven the presence of at least one of the qualifying mitigating circumstances. (§ 1385(c)(2).) Here, however, defendant offered no evidence for the court to consider and, accordingly, there was no need for the court to make a finding with respect to whether dismissal would endanger public safety.

2. *The Ineffective Assistance of Defense Counsel*

Defendant argues that an ineffective assistance of counsel claim is proper because there simply could be no satisfactory or plausible tactical explanation for his counsel's failures to act. He complains she did not research legal principles applicable to resentencing or advocate for his entitlement to a full resentencing, she did not request an

---

**4** Although not raised by the parties, we note that a court is required to refer a matter to the probation officer to investigate facts relevant to determination of a restitution fine, if applicable, and in that connection, may in its discretion direct the officer to investigate the circumstances of the crime as well as the prior record and history of the defendant. (§ 1203, subd. (g).) Even if a probation report was required for the purposes of addressing the issue of restitution at the time of the original sentencing, we see no basis for requiring a supplemental report at the time of resentencing if, as here, restitution is not at issue. And, when a defendant is ineligible for probation and the parties did not request a report or object to proceeding without one, the issue is forfeited. (*People v. Franco* (2014) 232 Cal.App.4th 831, 834.)

8

updated probation report and ensure that defendant's sentence is based on complete and accurate information, and she made no effort to correct the trial court's "misunderstanding of the law" and "assert [defendant's] entitlement to have the trial court consider evidence of his mental illness, prior victimization, and childhood trauma and its connection to the offense under section 1385, subdivision (c)(2)(D) and (E)."

To establish ineffective assistance of counsel, a defendant must show (i) that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms and, (ii) that counsel's deficient performance was prejudicial, i.e., but for counsel's failings, there is a reasonable probability the result would have been more favorable to the defendant. (*People v. Johnson* (2015) 60 Cal.4th 966, 979-980.)

We agree defense counsel's representation was utterly deficient. She simply failed to advocate on behalf of her client. She did not make any argument or even an objection at the resentencing hearing. She failed to call to the court's attention the probation report that was filed when defendant was sentenced in 2018 even though it contained information relevant to two of the section 1385(c)(2) qualifying mitigating circumstances—mental illness and prior victimization or childhood trauma (§1385, subd. (c)(2)(D) & (E)).

According to the report, defendant was traumatized as a child when his family was disrupted and displaced after his father became addicted to drugs. His parents began to engage in domestic violence, which occasionally involved defendant because he would try to protect his mother. Eventually the family lost their home and defendant's father

9

was incarcerated. As a young adult, defendant was diagnosed with a bipolar disorder that requires medication. He also suffered the loss of a child, long periods of unemployment, drug addiction, and homelessness, and he was a victim of a shooting and arson while living in the encampment—all experiences that may have contributed to his mental illness. He was not taking medication for his bipolar condition when Carmona was killed.

In view of the provisions of section 1385(c)(2) that require the court to give great weight to evidence of any qualifying mitigating circumstances, which weigh greatly in favor of dismissing the enhancement absent a finding that dismissal would endanger public safety, we find defendant was prejudiced by his counsel's failure to develop and present facts relevant to his mental health, prior victimization, and childhood trauma.

## DISPOSITION

The judgment is reversed and remanded to the trial court for a resentencing hearing in keeping with sections 12022.53(h) and 1385, subdivision (c), at which the court may dismiss the gun charge enhancement, impose a lesser included enhancement, or to reimpose the current sentence for the enhancement.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ _____
P. J.

We concur:

MILLER _____
J.

MENETREZ _____
J.

10