Filed 7/18/24  P. v. Celis CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. NATHAN HENRY CELIS, Defendant and Appellant. | F086697 (Super. Ct. No. F20906767) OPINION |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Gary R. Orozco, Judge.

Laura Arnold, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Darren K. Indermill and Jeffrey D. Firestone, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]       Before Meehan, Acting P. J., Snauffer, J. and DeSantos, J.

# PROCEDURAL BACKGROUND

This is defendant Nathan Henry Celis's second appeal following his convictions for assault on a child under the age of eight years by means of force likely to produce great bodily injury (GBI) and resulting in the child becoming comatose due to brain injury (Pen. Code, § 273ab, subd. (b); count 1),[1] and felony child endangerment with an enhancement for personal infliction of GBI (§§ 273a, subd. (a), 12022.7, subd. (d); count 2).[2]  In 2021, defendant was sentenced to a mandatory term of life in prison with the possibility of parole on count 1.  On count 2, the court imposed the middle term of four years with an additional upper term of six years for the GBI enhancement, stayed under section 654.

In *Celis I*, defendant claimed his conviction on count 1 was not supported by substantial evidence that the victim, who is his son, was rendered comatose due to brain injury, and he sought remand for resentencing in light of the amendment to section 654 under Assembly Bill No. 518 (2021–2022 Reg. Sess.) (Assembly Bill 518), effective January 1, 2022.  The People disputed the first claim, but conceded entitlement to relief on the second claim.  We concluded substantial evidence supported defendant's conviction on count 1, but we remanded the matter for resentencing in light of Assembly Bill 518's amendment of section 654.

On remand, defense counsel represented he had met with defendant and informed him he may need to be present for resentencing.  Defendant requested to waive his presence because transportation affected his prison programs and, pursuant to

---

[1]     All further statutory references are to the Penal Code unless otherwise stated.

[2]     We take judicial notice of our prior nonpublished opinion in *People v. Celis*, which was filed January 24, 2023 (case No. F083237) (*Celis I*).  (Evid. Code, § 452, subd. (d), 459.)

section 977,[3] counsel prepared a written waiver that included waiver of defendant's right to personally appear for further proceedings, including pronouncement of judgment. The trial court accepted the signed and dated waiver and set the resentencing hearing several months out.

The trial court subsequently declined to stay the sentence on count 1 under section 654. However, given Senate Bill No. 567's amendment of sections 1170 and 1170.1, the court again imposed the middle term of four years on count 2, but selected the lower term of four years for the enhancement, resulting in an aggregate term of eight years. (Senate Bill No. 567 (2021–2022 Reg. Sess.) (Senate Bill 567), eff. Jan. 1, 2022.)

Defendant timely appealed. He claims the written waiver is insufficient to demonstrate he knowingly, intelligently and voluntarily waived his constitutional right to appear for the resentencing hearing, either in person or remotely. He also claims that section 977 does not authorize waiver of his appearance for sentencing, and that he did not waive the requirement that the trial court order a supplemental probation report. Defendant argues that cumulatively, these errors necessitate remand for resentencing even under the less stringent *Watson*[4] standard of review.

The People concede that the trial court erred, contending that its acceptance of the waiver was invalid and its failure to order an updated probation report was an abuse of discretion. They also concede that the errors were prejudicial. In addition, they point out that the court failed to recalculate defendant's time credits at resentencing and, as noted by defendant, failed to issue an amended abstract of judgment.

Based on the totality of the circumstances, we find that defendant's written waiver of his right to appear for sentencing was knowing, intelligent, and voluntary, and,

---

[3]     Section 977 was amended in part twice after defendant was resentenced, but the amendments are not relevant to our resolution of this appeal. (Sen. Bill No. 135 (2023–2024 Reg. Sess.), eff. Sept. 13, 2023; Assem. Bill No. 170 (2023–2024 Reg. Sess.), eff. July 2, 2024.)

[4]     *People v. Watson* (1956) 46 Cal.2d 818, 836 (*Watson*).

therefore, he fails to demonstrate a violation of constitutional magnitude. We are not bound by a party's concession (*People v. Vivar* (2021) 11 Cal.5th 510, 524), and, in this case, we do not agree with the parties that the deficiencies complained of concerning the waiver and failure to order a supplemental probation report were prejudicial. On this record, there is no reasonable probability that but for these errors, defendant would have been granted probation or the court would have elected to stay the life term rather than the eight-year term under section 654. (*People v. Hendrix* (2022) 13 Cal.5th 933, 944 (*Hendrix*).)

We remand the matter so that the trial court may recalculate defendant's actual time credits and issue an amended abstract of judgment, but we otherwise affirm the judgment.

## DISCUSSION

### I. Acceptance of Waiver of Appearance for Resentencing and Failure to Order Supplemental Probation Report

#### A. Parties' Arguments

As previously set forth, defendant was sentenced to life in prison on count 1 and an aggregate term of 10 years on count 2, stayed under section 654. In light of Assembly Bill 518, this matter was remanded to allow the trial court to determine whether to exercise its discretion to stay the life term on count 1 under section 654 rather than the 10-year term on count 2. On remand, defense counsel informed the trial court that he met with defendant and defendant requested to waive his appearance for resentencing because it would disrupt his prison program, which by the time of resentencing included a new position as a floor porter. Defendant had executed a written waiver of his appearance, which the court accepted.

At the resentencing hearing several months later, the trial court considered the changes to sections 1170 and 1170.1 under Senate Bill 567, as well as the change to section 654 under Assembly Bill 518. The court again stayed count 2 under section 654

and imposed the middle term of four years on count 2, but selected the mitigated term of four years for the enhancement, resulting in an aggregate term of eight years.

Defendant takes the position that his written waiver fell short of reflecting a knowing, intelligent, and voluntary waiver of his federal constitutional right to be present; and that section 977, subdivision (b), requires his presence at sentencing.[5] Defendant cites section 977.2, which permits remote appearance and might have ameliorated his concern over disruption to his prison program, and he asserts that he did not waive his right to appear remotely.[6] Defendant also points out that the trial court did not order the preparation of a supplemental probation report and, cumulatively, these errors were prejudicial whether measured under *Chapman*[7] or *Watson* because he was deprived of the "opportunity to express what he has learned over the past five years and to demonstrate his increased maturity and insight," as well as "express his remorse, make a plea for mercy, and, …, take accountability for what had happened to his child."

The People concede that the trial court's acceptance of defendant's waiver was invalid because the waiver provision in section 977, subdivision (b)(2), does not apply to

---

[5]     Section 977, subdivision (b) provides, in relevant part:

"(b)  [¶] (1)    Except as provided in subdivision (c), in all cases in which a felony is charged, the accused *shall* be physically present at the arraignment, at the time of plea, during the preliminary hearing, during those portions of the trial when evidence is taken before the trier of fact, and *at the time of the imposition of sentence*.  The accused shall be physically or remotely present *at all other proceedings unless* they waive their right to be physically or remotely present, with leave of court and with approval by defendant's counsel.

"(2)     The waiver of a defendant's right to be physically or remotely present may be in writing and filed with the court or, with the court's consent, may be entered personally by the defendant or by the defendant's counsel of record."  (Italics added.)

[6]     Section 977.2, subdivision (a), provides, in relevant part, "Notwithstanding Section 977 or any other law, in any case in which the defendant is charged with a misdemeanor or a felony and is currently incarcerated in the state prison, the Department of Corrections and Rehabilitation may arrange for all court appearances in superior court, except for the preliminary hearing and trial, to be conducted by two-way electronic audiovideo communication between the defendant and the courtroom in lieu of the physical presence of the defendant in the courtroom."

[7]     *Chapman v. California* (1967) 386 U.S. 18, 24 (*Chapman*).

sentencing and the waiver did not comply with the notarization requirement under section 1193.[8]  The People also concede that the statutory error was prejudicial under *Watson* because it is not clear whether a statement by defendant would have impacted the trial court's sentencing choices.[9]  With respect to the probation report, the People concede error and prejudice under *Watson* because defendant's statement was not before the court at resentencing.

### B.    Errors[10]

### 1.    Validity of Waiver of Presence for Resentencing

A criminal defendant has a constitutional and statutory right to be present at all critical stages, including sentencing.  (*People v. Nieves* (2021) 11 Cal.5th 404, 508; accord, *People v. Robertson* (1989) 48 Cal.3d 18, 60 (*Robertson*); Cal. Const., art. I, § 15; §§ 977, subd. (b)(1), 1193.)  "As a matter of both federal and state constitutional law, however, a defendant may validly waive his or her right to be present during a critical stage of the trial, [including sentencing,] provided the waiver is knowing, intelligent, and voluntary."  (*People v. Cunningham* (2015) 61 Cal.4th 609, 633; accord, *Nieves, supra*, at p. 508.)  Further, a defendant may waive his statutory right to be present at sentencing.

---

[8]     At the time of defendant's resentencing, section 1193, former subdivision (a), provided, in relevant part:  "If the conviction is for a felony, the defendant shall be personally present when judgment is pronounced against him or her, *unless the defendant, in open court and on the record, or in a notarized writing*, requests that judgment be pronounced against him or her in his or her absence, and that he or she be represented by an attorney when judgment is pronounced, and the court approves his or her absence during the pronouncement of judgment, or unless, after the exercise of reasonable diligence to procure the presence of the defendant, the court shall find that it will be in the interest of justice that judgment be pronounced in his or her absence …."  (Italics added.)  Effective July 2, 2024, subdivision (a) of section 1193 was renumbered to subdivision (a)(1), and several technical changes were made to the language, but the substance of the provision remains the same.  (Assem. Bill No. 168 (2023–2024 Reg. Sess.).)

[9]     The People do not concede a federal constitutional error occurred but contend to the extent one did, it was not harmless under *Chapman*.

[10]     Because defendant claims the errors are prejudicial cumulatively, we address the two errors before discussing whether they resulted in prejudice to defendant.

(*Robertson, supra,* at pp. 61–62; *People v. Fedalizo* (2016) 246 Cal.App.4th 98, 110; §§ 977, subd. (b) [presence of defendant], 1043, subd. (d) [presence at trial], 1193 [presence for pronouncement of judgment].)

First, to the extent that defendant is claiming a constitutional error, we determine whether his waiver was knowing, intelligent, and voluntary by examining "'the totality of the circumstances' unique to each case." (*People v. Morelos* (2022) 13 Cal.5th 722, 753; accord, *People v. Gutierrez* (2003) 29 Cal.4th 1196, 1205.) Defendant bears the burden of demonstrating error occurred, and he does not identify support in the record for a finding that his written waiver, which he signed, was not knowing, intelligent, and voluntary. (*People v. Giordano* (2007) 42 Cal.4th 644, 666 ["[W]e presume that a judgment or order of the trial court is correct, '"[a]ll intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown."'"]; accord, *Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.) At best, defendant appears to point to the absence of an express waiver of constitutional rights in his written waiver, but that is not determinative. (See *People v. Mosby* (2004) 33 Cal.4th 353, 361 [in adopting totality of circumstances as the test, "the focus was shifted from whether the defendant received express rights advisements, and expressly waived them, to whether the defendant's admission was intelligent and voluntary because it was given with an understanding of the rights waived"].)

Defense counsel met with defendant following remand of this matter and prior to resentencing; counsel represented that defendant was grateful his presence was not required. Furthermore, defendant executed a written waiver of his appearance. Given the circumstances, we find the record devoid of any indication that defendant's waiver was not knowing, intelligence, and voluntary, and, therefore, we find no constitutional error.

Second, with respect to state statutory error, the parties assert that section 977, subdivision (b), does not permit defendant to waive his appearance at sentencing and, although defendant may be sentenced in absentia under section 1193, the People contend

7.

that defendant's waiver did not conform to the requirements of section 1193 because it was not notarized.  (§ 1193, subd. (a).)  In *Robertson*, the California Supreme Court concluded that, one, a defendant may waive his appearance at sentencing and, two, the execution of the written waiver in that case substantially complied with section 977 despite the fact it was not executed in open court.  (*Robertson, supra*, 48 Cal.3d at p. 62; *People v. Fedalizo, supra*, 246 Cal.App.4th at p. 110 [judgment may be pronounced in absentia with a valid waiver].)  Defendant does not address section 1193 and the People do not address whether defendant's written waiver, which was prepared by his counsel following his request to be absent from the resentencing hearing and bears a date and his signature, substantially complied with section 1193.  Nevertheless, because any error was harmless, we will presume statutory error for the purpose of resolving defendant's claim in part I.C. of the Discussion.

## 2.    Failure to Order Supplemental Probation Report

Next, a probation report was prepared prior to defendant's original sentencing held in August 2021.  However, the trial court did not order, and defendant did not request, a supplemental probation report in advance of defendant's resentencing two years later, in August 2023.  Given that defendant could have been granted probation if the trial court found it to be an "unusual case[] in which the interests of justice would best be served if the person is granted probation" (§ 1203, subd. (e)), the parties agree that the court's failure to order a supplemental probation report, absent a waiver, was error (*People v. Franco* (2014) 232 Cal.App.4th 831, 834 (*Franco*) [probation report mandatory where the defendant eligible for probation, but discretionary where the defendant ineligible for probation]; accord, *People v. Dobbins* (2005) 127 Cal.App.4th 176, 180 (*Dobbins*)).

California Rules of Court, rule 4.411 provides, "A supplemental report [is required] if a significant period of time has passed since the original report was prepared," but "[t]he parties may stipulate to the waiver of the probation officer's investigation and report in writing or in open court and entered in the minutes, and with

the consent of the court." (*Id.*, (a)(2), (b).) Section 1203 further provides, "The preparation of the report or the consideration of the report by the court *may be waived only by a written stipulation of the prosecuting and defense attorneys that is filed with the court or an oral stipulation in open court that is made and entered upon the minutes of the court*, except that a waiver shall not be allowed unless the court consents thereto.…" (*Id.*, subd. (b)(4), italics added.)

We note there appears to have been some discussion about a probation report and it may be that the parties agreed a supplemental probation report was unnecessary. However, the discussion occurred off the record and there was no stipulation in open court. Given that defendant was not wholly ineligible for probation (§ 1203, subd. (e)), two years had passed since the original sentencing hearing (Cal. Rules of Court, rule 4.411(a)(2)), and the parties did not stipulate to a waiver (§ 1203, subd. (b)(4); Cal. Rules of Court, rule 4.411(b)), we accept the People's concession of error.[11] However, "[b]ecause the alleged error implicates only California statutory law, review is governed by the *Watson* harmless error standard" (*Dobbins, supra*, 127 Cal.App.4th at p. 182), and we do not agree the error was prejudicial.

### C.    Prejudice

Defendant claims cumulative error, which "is present when the combined effect of the trial court's errors is prejudicial or harmful to the defendant." (*People v. Capers* (2019) 7 Cal.5th 989, 1017.) As stated, state statutory error is governed by *Watson*

---

[11]    In *Dobbins*, the court rejected the People's argument that the defendant forfeited his claim by failing to request a probation report. (*Dobbins, supra*, 127 Cal.App.4th at p. 182.) The court explained, "To apply the forfeiture doctrine in this context would result in an effective waiver of a probation report in a manner not countenanced by section 1203, subdivision (b)(4). The aim of the statute would be subverted." (*Ibid.*; cf. *Franco, supra*, 232 Cal.App.5th at p. 834 ["Where, as here, a defendant is ineligible for probation, such omissions result in waiver of a supplemental report in the trial court and forfeiture of the right to object to the absence of such a report on appeal."].) In this case, the People do not argue the forfeiture doctrine applies and, in any event, we have discretion to consider the issue. (*People v. McCullough* (2013) 56 Cal.4th 589, 593.)

(*People v. Poore* (2022) 13 Cal.5th 266, 292 [§§ 977, 1043]; *People v. Wall* (2017) 3 Cal.5th 1048, 1060–1061 [same]); *Dobbins, supra*, 127 Cal.App.4th at p. 182), under which "a reviewing court must reverse if 'it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error'" (*Hendrix, supra*, 13 Cal.5th at p. 944). Whether considered separately or cumulatively, we find the errors concerning defendant's defective waiver and the absence of a supplemental probation report harmless.

Defendant's claim of prejudice centers on the fact that he was not interviewed by the probation officer who prepared the probation report in 2021 due to COVID-19 restrictions and, therefore, remand is necessary to ensure a resentencing hearing at which both sides may present and advocate their positions.[12] Defendant was not deprived of an opportunity to advocate his position, however, including providing a statement, had he desired to do so.

First, it bears repeating that this is not a case where the record is silent or ambiguous. Although defendant's waiver failed to comply with the technical requirements of section 1193, former subdivision (a), he executed a written waiver of his appearance at resentencing and, at his request, counsel communicated his gratitude at not being required to appear. Furthermore, defense counsel filed a sentencing memorandum supported by evidence of the courses defendant completed relating to his controlling offenses, which defendant cites in his brief as signs of his progress. The completion of these courses was addressed during the sentencing hearing, counsel notified the court that defendant had recently obtained a position as a floor porter, and counsel stated there was nothing further to add.

---

**12**    The probation report provided, "Due to California State Executive Order N-25-20, the defendant was not interviewed at the Fresno County Jail. Any statements received by the defendant will be forwarded to the Court for consideration." Defendant subsequently submitted a statement that was included with the probation report.

It is purely speculative that defendant would have expressed remorse, pleaded for mercy, or taken accountability had a supplemental probation report been ordered, particularly viewed through the lens of his written waiver and his communication with defense counsel. Notably, prior to his original sentencing hearing and without being interviewed by a probation officer, defendant submitted a statement expressing deep remorse with respect to his actions underlying his domestic violence conviction, but emphatically denying he hurt his son.[13] This evidences awareness the option of submitting a written statement and nothing in the record indicates defendant was prevented from doing so prior to resentencing.

Further, defense counsel is presumed competent and familiar with the relevant law, and counsel was familiar with the facts of this case and defendant's history. (*Strickland v. Washington* (1984) 466 U.S. 668, 690; *In re Long* (2020) 10 Cal.5th 764, 773; *People v. Barrett* (2012) 54 Cal.4th 1081, 1105.) As discussed, counsel met with defendant prior to defendant's execution of the waiver, prepared a sentencing memorandum that included evidence, and again had contact with defendant prior to the sentencing hearing, evidenced by his possession of the new information that defendant secured a job as a floor porter. Thus, the record not only affirmatively reflects defendant's desire not to appear at the resentencing hearing, but it affirmatively reflects counsel's zealous advocacy on his client's behalf during resentencing. The intimation in the parties' arguments that a competent defense attorney who had met with his client and prepared a sentencing memorandum accompanied by evidence would neither encourage a client who wished to express remorse from appearing at the resentencing hearing nor at least include a statement expressing remorse is untenable.

---

[13]    As noted in *Celis I*, defendant was sentenced in this case and a separate domestic violence case resolved by plea agreement during the same hearing.

Defendant is entitled to remand for a new resentencing hearing with a supplemental probation report only if "'it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error.'" (*Hendrix, supra*, 13 Cal.5th at p. 944.) Based on the record, we do not agree that but for the deficient waiver and the failure to order a supplemental probation report, it is reasonably probable that defendant would have been granted probation or the court would have elected to stay the life term rather than the eight-year term under section 654. Therefore, the errors complained of were harmless.

## II.     Time Credit Calculation and Abstract of Judgment

Finally, the People contend that the trial court erred when it failed to calculate defendant's time credits at the resentencing hearing and failed to issue an amended abstract of judgment following resentencing.

"When, as here, an appellate remand results in modification of a felony sentence during the term of imprisonment, the trial court must calculate the *actual time* the defendant has already served and credit that time against the 'subsequent sentence.'" (*People v. Buckhalter* (2001) 26 Cal.4th 20, 23.) Therefore, we agree with the People that the trial court erred when it failed to recalculate defendant's actual time credits between the date of his original sentencing hearing and his resentencing hearing. (*Id.* at pp. 23, 29; accord, *People v. Trammel* (2023) 97 Cal.App.5th 415, 436–437; *People v. Sek* (2022) 74 Cal.App.5th 657, 673; *People v. Rajanayagam* (2012) 211 Cal.App.4th 42, 48.) Although we have the discretion to modify the judgment on appeal (§ 1260), the People do not offer a credit calculation and defendant neither raised the issue in his opening brief nor filed a reply brief. Accordingly, we shall remand the matter so the trial court and the parties may address the matter in the first instance. (*People v. Rojas* (2023) 95 Cal.App.5th 48, 55.) The trial court shall thereafter ensure the issuance of an amended abstract of judgment.

12.

## DISPOSITION

This matter is remanded for the limited purpose of recalculating defendant's actual time credits and issuing an amended abstract of judgment. The judgment is otherwise affirmed.